**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

BENNETT WILCOSKY, *et al.*, each individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

AMAZON.COM, INC., a Delaware corporation, and AMAZON.COM SERVICES, INC., a Delaware corporation,

Defendants.

Case No.

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendants Amazon.com, Inc. and Amazon.com Services, Inc. (collectively, "Amazon" or "Amazon Defendants"), by their undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 hereby remove to the United States District Court for the Northern District of Illinois, Eastern Division, the action captioned *Bennett Wilcosky, et al. v. Amazon.com, Inc. and Amazon.com Services, Inc.* currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, as Case No. 2019-CH-07777. In support of removal, Amazon states as follows:

1. On June 27, 2019, Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a minor (collectively, "Plaintiffs") filed a putative Class Action Complaint alleging that Amazon violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, in connection with its "Alexa" product, which is a "voice-based virtual assistant." (Compl. ¶ 1.) (A copy of Summonses received by both Amazon Defendants, as well as a copy of the Complaint and Motion for Class Certification served on Amazon, is attached hereto as **Exhibit A**.)

2. Both Amazon Defendants were served on July 9, 2019. (*Id.*) Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

3. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the Circuit Court of Cook County, Illinois. 28 U.S.C. § 93(a)(1).

4. In their Complaint, Plaintiffs allege (but Amazon does not concede) that Amazon "retains every voice recording created by the user [of the Alexa product] and any individual who happens to be speaking near the Alexa device," (Compl. ¶ 6), and that Amazon: "collected, used, and stored Plaintiff and the Class members' biometric identifiers or biometric information without first obtaining the specific written release required by 740 ILCS 14/15(b)(3)," (Compl. ¶ 73); collected Plaintiffs' biometric identifiers and biometric information (collectively, "biometrics") without informing them of the collection or informing them regarding the specific purpose and length of term for which their biometrics were collected, (Compl. ¶ 74); and failed to "publicly provide a retention schedule or guidelines for permanently destroying their biometric identifiers or biometric information," (Compl. ¶¶ 78–80).

5. Plaintiffs seek to represent putative classes defined as follows:

a. "All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) spoke in the vicinity of an Alexa device and were recorded by the Alexa device, and (2) for whom Amazon created and stored their voice recordings."

b. "All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) do not have registered Alexa Accounts and (2) spoke in the vicinity of an Alexa device and (3) for whom Amazon created and stored their voice recordings."

c. "All minors in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) spoke in the vicinity of an Alexa device and were recorded by the Alexa device, (2) and for whom Amazon created and stored their voice recordings." (Compl. ¶ 64.)

6. On behalf of themselves and the putative classes, Plaintiffs seek: (1) injunctive relief in the form of an order "requiring Amazon to comply with the BIPA's requirements for the collection, storage, and use" of biometrics; (2) "statutory damages of $5,000.00 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000.00 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1)"; and (3) "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)." (Compl. ¶¶ 76, 80.)

7. This putative class action is subject to this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists and the amount in controversy exceeds $5,000,000.

## I. Removal Is Proper Under The Class Action Fairness Act ("CAFA").

8. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d). CAFA amended 28 U.S.C. § 1332 to grant U.S. district courts original jurisdiction over "any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

### A. This Matter is a "Class Action" Under CAFA.

9. Plaintiffs purports to represent "classes" of individuals pursuant to 735 ILCS 5/2-801 *et seq*. (*See* Compl. ¶¶ 64–68.) Therefore, this action is properly considered a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

10. The putative class action described in the Complaint satisfies the requirements of CAFA. While the precise number of individuals in the classes cannot be determined until discovery, Plaintiffs allege that "there are at least thousands of individuals in the Class," and that "[m]ore than 100 million Alexa-capable devices have been sold as of January 2019." (Compl. ¶¶ 5, 65.)

**B. <u>The Minimal Diversity Requirement is Met.</u>**

11. Plaintiffs are "natural person[s] and citizen[s] of Illinois." (Compl. ¶¶ 15–17.)

12. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Both Amazon.com, Inc. and Amazon.com Services, Inc. are "Delaware corporation[s]" with their "headquarters located at 410 Terry Avenue North, Seattle, Washington, 98109." (Compl. ¶¶ 18–19.) Thus, Amazon is a citizen of Delaware and Washington for purposes of minimal diversity.

13. Therefore, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity existed under CAFA when the class representatives were citizens of Illinois and the defendant was a Delaware corporation with its principal place of business in Arizona).

**C. <u>The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.</u>**

14. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

15. Amazon's burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v.*

*Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

16. Amazon denies the validity and merit of Plaintiffs' claims, the legal theories upon which they are based, and that Plaintiffs are entitled to any alleged claims for monetary and other relief. Solely for purposes of removal, however, and without conceding that Plaintiffs or the putative classes are entitled to damages, the aggregated claims of the putative classes establish, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

17. Plaintiffs allege "intentional or reckless" violations of BIPA, (Compl. at p. 16), which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiffs also allege at least two separate BIPA "violations" in Counts I–II. (Compl. ¶¶ 69–80.) Based purely on the Complaint's allegations (which Amazon denies), and assuming an aggregate class size of only 1,000 (far less than the alleged class size of "at least thousands of individuals," (Compl. ¶ 65)), if each class member is entitled to recover for only two "violations," recovery of greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (*i.e.*, 1,000 class members x $5,000 statutory damages x 2 violations = $10,000,000).[1] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008).

## II. <u>Article III Standing Exists In This Court.</u>

18. Standing exists in this case under Article III of the U.S. Constitution for three separate and independent reasons. ***<u>First</u>***, the Seventh Circuit has held that, where privacy rights are concerned, "the dissemination to a third party of information in which a person has a right to

---

[1] Amazon includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiffs' allegations are correct.

privacy is a sufficiently concrete injury for standing purposes." *Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *10 (N.D. Ill. May 31, 2018) (citing *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 911–12 (7th Cir. 2017)). Plaintiffs allege that Amazon's Alexa device enabled third parties to access Plaintiffs' biometrics without their consent. (*See* Compl. ¶¶ 3, 9–10) (alleging that "Amazon's Alexa devices collect voiceprints," and that "***Alexa is embedded in*** innumerable devices from Amazon's own Echo 'smart' speakers and Fire tablets to [sic] ***vast array of 'smart' items made by other companies***") (emphasis added); *see also Dixon*, 2018 WL 2445292, at *9 ("The allegation that [defendant] disclosed [plaintiff's] fingerprint data to [a third party] without informing her distinguishes this case from others in which alleged violations of BIPA were determined insufficiently concrete to constitute an injury in fact . . . .").

19. *Second*, this case can proceed under Article III because Plaintiff Wilcosky alleges that Amazon collected his voiceprints ***without his knowledge or consent***. (*See, e.g.*, Compl. ¶¶ 36–37.) Article III standing exists where a plaintiff alleges third-party disclosure ***or*** the unknowing collection of his biometrics. *See, e.g.*, *Aguilar v. Rexnord LLC*, No. 17 CV 9019, 2018 WL 3239715, at *3 (N.D. Ill. July 3, 2018) (acknowledging that "[a] person's privacy may be invaded if her biometric information is obtained or disclosed ***without her consent or knowledge***") (emphasis added); *Howe v. Speedway LLC*, No. 17-CV-07303, 2018 WL 2445541, at *6 (N.D. Ill. May 31, 2018) (distinguishing cases where a "person might not be aware of the biometric data collection" from those where "individuals are obviously sharing biometric data"); *see also Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 955 (N.D. Cal. 2018) (Article III standing existed where plaintiff alleged that website collected users' biometric data without providing notice or receiving consent, and distinguishing cases where "plaintiffs had sufficient notice to make a meaningful decision about whether to permit the data collection").

20. *Third*, Plaintiffs claim that Alexa recorded their conversations without their knowledge and sent those recordings to Amazon servers. (*See, e.g.*, Compl. ¶¶ 6, 28, 39, 49, 58.) Federal courts consistently hold that Article III standing exists when there is an alleged "unauthorized interception of an individual's private communications." *Rackemann v. LISNR, Inc.*, No. 117CV00624TWPMJD, 2017 WL 4340349, at *4 (S.D. Ind. Sept. 29, 2017); *see also CS Wang & Assoc. v. Wells Fargo Bank, N.A.*, 305 F. Supp. 3d 864, 880 (N.D. Ill. 2018) (Article III standing existed where plaintiff alleged that telephone conversations were recorded without consent).

21. Pursuant to 28 U.S.C. § 1446(d), Amazon will promptly provide written notice of removal of this action to Plaintiffs, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

22. Amazon submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs and without conceding either the Complaint's allegations or that Plaintiffs pled claims upon which relief can be granted.

Dated: July 26, 2019

Respectfully submitted,

**AMAZON.COM, INC. AND**
**AMAZON.COM SERVICES, INC.**

By: */s/ Elizabeth B. Herrington*

Elizabeth B. Herrington
Alex D. Berger
Tyler Z. Zmick
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr.
Chicago, IL 60601-5094
Tel. 312.324.1445
Fax 312.324.1001
Beth.Herrington@morganlewis.com
Alex.Berger@morganlewis.com
Tyler.Zmick@morganlewis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of July, 2019, I caused a copy of the foregoing Notice of Removal to be filed through the Court's CM/ECF System, and served the below Counsel of Record via First Class U.S. Mail:

Marc A. Taxman
Bradley N. Pollock
Sean P. Murray
Gerald J. Bekkerman
Brennan B. Hutson
TAXMAN, POLLOCK, MURRAY, & BEKKERMAN, LLC
225 W. Wacker Drive, Suite 1750
Chicago, Illinois 60606
Tel. 312.586.1700
Fax 312.586.1701
mtaxman@tpmblegal.com
bpollock@tpmblegal.com
smurray@tpmblegal.com
gbekkerman@tpmblegal.com
bhutson@tpmblegal.com

*Counsel for Plaintiffs*

Scott Kamber
KAMBERLAW, LLC
201 Milwaukee Street, Suite 200
Denver, Colorado 80206
Tel. 212.920.3072
Fax 573.341.8548
skamber@kamberlaw.com

*Counsel for Plaintiffs*

Michael Aschenbrener
Adam York
KAMBERLAW, LLC
220 N. Green Street
Chicago, Illinois 60607
Tel. 212.920.3072
Fax 573.341.8548
masch@kamberlaw.com
ayork@kamberlaw.com

*Counsel for Plaintiffs*

/s/ Elizabeth B. Herrington
Elizabeth B. Herrington