# EXHIBIT A



**CHS / ALL**
**Transmittal Number: 20066359**
**Date Processed: 07/10/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Michelle King<br>Eugide Matondo<br>Lynn Foley-Jefferson<br>Maria Catana<br>Joell Parks<br>Theresa Nixon<br>Scotty Bauder<br>Rochelle Lewis<br>Jesse Jensen<br>Kimberly Thomas<br>Stephen Swisher<br>Sara Rawson<br>Rebecca Hartley<br>Annamaria Taskai<br>Christine Schram<br>Lizette Fernandez<br>Karen Curtis<br>Gianmarco Vairo |

| | |
|---|---|
| **Entity:** | Amazon.Com, Inc.<br>Entity ID Number  1662773 |
| **Entity Served:** | Amazon.Com, Inc |
| **Title of Action:** | Bennett Wilcosky vs. Amazon.com, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2019CH07777 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 07/09/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Gerald J. Bekkerman<br>312-586-1700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Scotty Bauder<br>Lynn Foley-Jefferson<br>Joell Parks<br>Lizette Fernandez<br>Sara Rawson<br>Theresa Nixon<br>Gianmarco Vairo<br>Eugide Matondo<br>Michelle King<br>Rebecca Hartley<br>Jesse Jensen<br>Annamaria Taskai<br>Christine Schram<br>Rochelle Lewis<br>Karen Curtis<br>Kimberly Thomas<br>Maria Catana<br>Stephen Swisher |

| | |
|---|---|
| **Entity:** | Amazon.com Services, Inc.<br>Entity ID Number 2102616 |
| **Entity Served:** | Amazon.Com Services, Inc |
| **Title of Action:** | Bennett Wilcosky vs. Amazon.Com, Inc |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2019CH07777 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 07/09/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Bradley N. Pollock<br>312-586-1700 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

Return Date: No return date scheduled
Hearing Date: 10/25/2019 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
    Cook County, IL

FILED
7/3/2019 10:36 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH07777

5642183

FILED DATE: 7/3/2019 10:36 AM   2019CH07777

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **Summons - Alias Summons** | **(08/01/18) CCG 0001 A** |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

BENNETT WILCOSKY, MICHAEL

GUNDERSON, and MICHAEL     (Name all parties)
GUNDERSON, as next friend of E.G., a minor, individually and on
behalf of all others similarly situated  v.

Case No.   2019 CH 07777

AMAZON.COM., a Delaware Corporation and

AMAZON.COM SERVICES, INC, a
Delaware corporation     ☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

To each Defendant: AMAZON.COM SERVICES, INC C/O ILLINOIS CORPORATION SERVICE C
    801 ADLAI STEVENSON DRIVE, SPRINGFIELD, IL 62703

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of
which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty
(30) days after service of this Summons**, not counting the day of service. To file your answer or
appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate
this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to
the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief
requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service,
with endorsement of service and fees, if any, immediately after service. If service cannot be made,
this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30)
days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

**Summons - Alias Summons**                                    **(08/01/18) CCG 0001 B**

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 61090

Atty Name: GERALD J. BEKKERMAN

Atty. for: PLAINTIFFS

Address: 225 W. WACKER DR., #1750

City: CHICAGO

State: IL   Zip: 60606

Telephone: 312-586-1700

Primary Email: gbekkerman@tpmblegal.com

Witness: _____ 7/3/2019 10:36 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with
Defendant or other person):

FILED DATE: 7/3/2019 10:36 AM  2019CH07777

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours: 8:30 am - 4:30 pm

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 3 of 3

FILED DATE: 7/3/2019 10:36 AM 2019CH07777

Return Date: No return date scheduled
Hearing Date: 10/25/2019 10:00 AM - 10:00 AM
Courtroom Number: 2405
Location: District 1 Court
          Cook County, IL

**12-Person Jury**

FILED
6/27/2019 3:23 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH07777

5578262

FILED DATE: 6/27/2019 3:23 PM  2019CH07777

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| BENNETT WILCOSKY, MICHAEL GUNDERSON, and MICHAEL GUNDERSON, as next friend of E.G., a minor, each individually, and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>AMAZON.COM, INC., a Delaware corporation, and AMAZON.COM SERVICES, INC., a Delaware corporation,<br><br>      Defendants. | No.  2019CH07777<br><br>CLASS ACTION |

## CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL

Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a Minor, each individually and on behalf of the Classes defined herein below, bring this Class Action Complaint against Defendants Amazon.com, Inc. and Amazon.com Services, Inc. (collectively, "Amazon" or "Defendant") for its violations of Plaintiffs' privacy rights guaranteed under the Illinois Biometric Information Privacy Act, 740 ILCS 14/*et seq* (hereinafter "BIPA" or "The Act"). Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

### NATURE OF THE ACTION

1.  Amazon—once known primarily as "Amazon.com," but now known ubiquitously

1

FILED DATE: 6/27/2019 3:23 PM   2019CH07777

as "Amazon" is no longer a mere seller of books online. In fact, Amazon is no longer just a seller of things. Among so many, many products and services Amazon offers, its "Alexa" voice-based virtual assistant is perhaps the greatest threat to individual privacy this country has yet seen.

2.      Alexa is everywhere and is always listening.

3.      Alexa is embedded in innumerable devices from Amazon's own Echo "smart" speakers and Fire tablets to vast array of "smart" items made by other companies, such as smartphones, TVs, light switches, thermostats, door locks, and even light bulbs—to name but a few.[1]

4.      Alexa listens to users, records users' voices, and responds to the users' voice commands using speech and voice recognition technology. Alexa uses the users' voice recordings to answer the users' questions and fulfill the users' requests.[2] Alexa even learns from users' recordings by analyzing search and voice patterns.[3]

5.      More than 100 million Alexa-capable devices have been sold as of January 2019,[4] including more than 47 million Echo devices.[5]

6.      In an effort to improve the voice and speech recognition technology, Amazon retains every voice recording created by the user and any individual who happens to be speaking near the Alexa device. In other words, every time someone with an Alexa-enabled device says, "Alexa, how warm will it be today?," Amazon keeps a recording of the user speaking those words, as well as any follow-up statements or questions, and the statements of any other persons who just so happen to be within recording distance of the Alexa device.

---

[1] https://www.reviewed.com/smarthome/features/everything-that-works-with-amazon-echo-alexa

[2] For example, "Alexa, what is the score of the Cubs game?"

[3] https://wgntv.com/2019/05/16/a-warning-to-listen-up-as-smart-speakers-listen-in/

[4] https://www.theverge.com/2019/1/4/18168565/amazon-alexa-devices-how-many-sold-number-100-million-dave-limp

[5] http://fortune.com/longform/amazon-google-apple-voice-recognition/

FILED DATE: 6/27/2019 3:23 PM    2019CH07777

7.      To protect the privacy of its citizens, the Illinois General Assembly enacted the Biometric Information Privacy Act, 740 ILCS 14/*et seq*. The Act prohibits the collection, retention, capture, or purchase of biometric identifiers or biometric information.

8.      Biometric identifiers include retina or iris scans, fingerprints, voiceprints, and scans of hand or face geometry. Unlike other unique identifiers like social security numbers, biometrics can never be changed if compromised.

9.      Amazon's Alexa devices collect voiceprints, one of the specifically enumerated forms of biometric identifiers set for in BIPA, from any and all persons who speak in its vicinity after a triggering word has been uttered.[6]

10.     Alexa Devices capture, collect, and retain the voiceprint of any and all people who speak near Alexa devices, regardless of age or affiliation with Amazon.

11.     Under BIPA, when companies like Amazon decide to retain biometric identifiers or biometric information, they are required to develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the biometric identifiers and biometric information when the initial purpose of collecting or obtaining such identifiers has been satisfied, or within 3 years of the individual's last interaction with the private entity, whichever occurs first.

12.     When companies like Amazon decide to collect, capture, purchase, receive through trade, or otherwise obtain a person or customer's biometric identifier or biometric information, it must first:

- Inform the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

---

[6] Alexa can automatically recognize a person's voice even if that person never set up a voice profile: https://www.amazon.com/gp/help/customer/display.html?nodeId=202199440

- Inform the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

- Receive a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

13. Unfortunately, Amazon disregards these statutorily imposed obligations and fails to inform persons that a biometric identifier or biometric information is being collected or stored and fails to secure written releases executed by the subject or the subject's legally authorized representative.

14. Accordingly, this Complaint seeks an Order: (i) requiring Amazon to cease the unlawful activities discussed herein; and (ii) awarding actual and/or statutory damages to Plaintiff and the proposed Class.

**PARTIES**

15. Plaintiff Bennett Wilcosky is a natural person and citizen of Illinois.

16. Plaintiff Michael Gunderson is a natural person and citizen of Illinois.

17. Plaintiff Michael Gunderson is guardian and father of E.G., a minor child. E.G. is a natural person and citizen of Illinois.

18. Defendant Amazon.com, Inc. is a Delaware corporation with its headquarters located at 410 Terry Avenue North, Seattle, Washington, 98109. Amazon conducts business throughout this County, the State of Illinois, and the United States.

19. Defendant Amazon.com Services, Inc. is Delaware corporation with its headquarters located at 410 Terry Avenue North, Seattle, Washington, 98109. Amazon conducts business throughout this County, the State of Illinois, and the United States.

**JURISDICTION AND VENUE**

20. The Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-

FILED DATE: 6/27/2019 3:23 PM    2019CH07777

4

FILED DATE: 6/27/2019 3:23 PM   2019CH07777

209(b)(4) because Amazon does business within this state.

21.     Venue is proper in Cook County because Defendant conducts business transactions in Cook County and the causes of action arose, in part, in Cook County.

## COMMON FACTUAL ALLEGATIONS

### I.     The Biometric Information Privacy Act.

22.     The Illinois General Assembly enacted BIPA in 2008 to establish standards of conduct for private entities that collect or possess biometric information.

23.     To that end, a private entity, such as Amazon, in possession of biometric identifiers or biometric information must develop

> a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

740 ILCS 14/15(a).

24.     BIPA defines a "biometric identifier" as:

> a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as height, weight, hair color, or eye color. Biometric identifiers do not include donated organs, tissues, or parts as defined in the Illinois Anatomical Gift Act or blood or serum stored on behalf of recipients or potential recipients of living or cadaveric transplants and obtained or stored by a federally designated organ procurement agency. Biometric identifiers do not include biological materials regulated under the Genetic Information Privacy Act. Biometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996. Biometric identifiers do not include an X-ray, roentgen process, computed tomography, MRI, PET scan, mammography, or other image or film of the human anatomy used to diagnose, prognose, or treat an illness or other medical condition or to further validate

FILED DATE: 6/27/2019 3:23 PM    2019CH07777

scientific testing or screening.

740 ILCS 14/10.

25.    BIPA defines "biometric information" as: "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information "does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.*

26.    Under BIPA, no private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it:

> i.    informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> ii.    informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and;
>
> iii.    receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

*See* 740 ILCS 14/15(b).

27.    BIPA also sets forth a private right of action. "Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party." 740 ILCS 14/20. A prevailing party may recover for each violation:

> i.    against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
>
> ii.    against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual

6

FILED DATE: 6/27/2019 3:23 PM  2019CH07777

damages, whichever is greater;

   iii. reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and

   iv. other relief, including an injunction, as the State or federal court may deem appropriate."

*Id.*

## II. Amazon Violates the Illinois Biometric Information Privacy Act as a Matter of Course

28. Alexa devices record and respond to oral communications upon hearing the wake word (usually "Alexa"), as in, "Alexa, will it rain today?" Once an Alexa device recognizes the wake word, the Alexa device records the oral communications that follow, including ambient speaking in the background not even meant for Alexa. The Alexa device transmits all of these oral communications to Amazon's servers. Amazon then indefinitely stores copies of all recordings on its own servers for continued use and analysis.

29. Amazon does not inform Alexa users in writing that Alexa is collecting biometric information or biometric identifiers.

30. Amazon does not inform bystanders—people who speak in the vicinity of Alexa devices but do not own Alexa devices nor have Alexa accounts—in writing that Alexa is collecting biometric information or biometric identifiers.

31. Amazon does not inform minors who speak in the vicinity of Alexa devices, or their legally authorized representative, in writing that Alexa is collecting biometric information and/or biometric identifiers.

32. Amazon does not receive a written release executed by Alexa users consenting to collection, capturing, purchase, or retention of biometric information or biometric identifiers.

33. Amazon does not receive a written release executed by bystanders who speak in the

7

FILED DATE: 6/27/2019 3:23 PM 2019CH07777

vicinity of Alexa devices but do not own Alexa devices nor have Alexa accounts, consenting to collect, capture, purchase, or retention of biometric identifier or biometric information.

34. Amazon does not receive a written release executed by the guardians or legally authorized representatives of minors who speak in the vicinity of Alexa devices consenting to collect, capture, purchase, or retention of biometric identifier and/or biometric information.

35. Amazon's website does not have a written, publicly available policy identifying its biometrics retention schedule, nor guidelines for permanently destroying persons' biometric identifiers when they are no longer needed.

## FACTS SPECIFIC TO PLAINTIFF WILCOSKY

36. As of June 25, 2019, Plaintiff Bennett Wilcosky was not, and never had been, a purchaser of any Alexa device. Plaintiff Wilcosky has never set up an Alexa account or downloaded the Alexa application.

37. Nevertheless, Plaintiff Wilcosky has been voice-recorded by Alexa devices in Illinois on numerous occasions without his consent.

38. When Plaintiff Wilcosky spoke in proximity to an Alexa device while the Alexa device was recording, Amazon recorded and stored Plaintiff Wilcosky's voice in its databases and on its servers.

39. On information and belief, Amazon retained the recording of Plaintiff Wilcosky and subjected the audio recording to data analysis calculated to create a voiceprint or recognize the voice of Plaintiff Wilcosky.

40. Amazon has never informed Plaintiff Wilcosky, in writing or otherwise, that Amazon is recording or storing his voice and collecting his biometric identifier or biometric information.

41. Plaintiff Wilcosky never consented, agreed, or gave permission—written or

FILED DATE: 6/27/2019 3:23 PM   2019CH07777

otherwise—to Amazon to collect or store his biometric identifiers or biometric information.

42.     Plaintiff Wilcosky never executed any written release giving consent for Amazon to record or store his voice and collect his biometric identifier or biometric information.

43.     Likewise, Plaintiff Wilcosky was never provided with an opportunity to prohibit or prevent Amazon from collecting, storing, or using his biometric identifiers or biometric information.

44.     On information and belief, Amazon intentionally and/or recklessly captured, collected, and/or retained Plaintiff Wilcosky's biometric identifier and/or biometric information.

45.     Amazon's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of BIPA.

**FACTS SPECIFIC TO PLAINTIFF MICHAEL GUNDERSON**

46.     Plaintiff Michael Gunderson owns an Amazon Echo equipped with Alexa services.

47.     Plaintiff Gunderson has been voice-recorded by Alexa devices in Illinois on numerous occasions without his consent.

48.     When Plaintiff Gunderson spoke in proximity to an Alexa device while the Alexa device was recording, Amazon recorded and stored Plaintiff Gunderson's voice in its databases and on its servers.

49.     On information and belief, Amazon retained the recording of Plaintiff Gunderson and subjected the audio recording to data analysis calculated to create a voiceprint or recognize the voice of Plaintiff Gunderson.

50.     Amazon has never informed Plaintiff Gunderson, in writing or otherwise, that Amazon is recording or storing his voice and collecting his biometric identifier or biometric information.

9

FILED DATE: 6/27/2019 3:23 PM   2019CH07777

51.     Plaintiff Gunderson never executed any written release giving consent for Amazon to record or store his voice and collect his biometric identifier or biometric information.

52.     Likewise, Plaintiff Gunderson was never provided with an opportunity to prohibit or prevent Amazon from collecting, storing, or using his biometric identifiers or biometric information.

53.     On information and belief, Amazon intentionally and/or recklessly captured, collected, and/or retained Plaintiff Gunderson's biometric identifier and/or biometric information.

54.     Amazon's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of BIPA.

### FACTS SPECIFIC TO E.G., A MINOR

55.     E.G., a minor who is three-years-old, resides in the home her father, Plaintiff Michael Gunderson, who owns an Amazon Echo equipped with Alexa services.

56.     E.G. has been voice-recorded by Alexa devices in Illinois on numerous occasions without her consent.

57.     When E.G. spoke in proximity to an Alexa device while the Alexa device was recording, Amazon recorded and stored E.G.'s voice in its databases and on its servers.

58.     On information and belief, Amazon retained the recording of E.G. and subjected the audio recording to data analysis calculated to create a voiceprint or recognize the voice of E.G..

59.     Amazon has never informed E.G. or her legally authorized representatives, in writing or otherwise, that Amazon is recording or storing his voice and collecting her biometric identifier or biometric information.

60.     E.G.'s guardians and legally authorized representatives never executed any written release giving consent for Amazon to record or store her voice and collect her biometric identifier

FILED DATE: 6/27/2019 3:23 PM   2019CH07777

or biometric information.

61.     Likewise, neither E.G. nor her legally authorized representative was provided with an opportunity to prohibit or prevent Amazon from collecting, storing, or using her biometric identifiers or biometric information.

62.     On information and belief, Amazon intentionally and/or recklessly captured, collected, and/or retained E.G.'s biometric identifier and/or biometric information.

63.     Amazon's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of BIPA.

## CLASS ALLEGATIONS

64.     **Class Definitions**: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801, *et seq.*, on behalf of themselves individually and the following classes (the "Classes") of similarly situated individuals, defined as follows:

### The "Illinois Class" brought by all Plaintiffs Wilcosky, Gunderson, and E.G.

All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) spoke in the vicinity of an Alexa device and were recorded by the Alexa device, and (2) for whom Amazon created and stored their voice recordings.

### The "Illinois Bystander Sub-Class" brought by Plaintiffs Gunderson and E.G.

All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) do not have registered Alexa Accounts and (2) spoke in the vicinity of an Alexa device and (3) for whom Amazon created and stored their voice recordings.

### The "Illinois Minors Sub-Class" brought by Plaintiff E.G.

All minors in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) spoke in the vicinity of an Alexa device and were recorded by the Alexa device, (2) and for whom Amazon created and stored their voice recordings.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members

11

FILED DATE: 6/27/2019 3:23 PM   2019CH07777

of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

65.    **Numerosity:** The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, there are at least thousands of individuals in the Class, making joinder of each individual member impracticable. Ultimately, members of the Class will be easily identified through Defendant's records.

66.    **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members:

a.    whether Amazon collected, captured, received, or otherwise obtained Plaintiff and the Classes' biometric identifiers;

b.    whether Amazon properly informed Plaintiff and the Classes that it collected, used, and stored their biometric identifiers;

c.    whether Amazon obtained a written release (as defined in 740 ILCS 14/10) from Plaintiff and the Class to collect, capture, otherwise obtain their biometric identifiers;

d.    whether Amazon had and made available to the public, a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers in compliance with the BIPA; and

e.    whether Defendant's conduct described herein was reckless and/or

12

FILED DATE: 6/27/2019 3:23 PM    2019CH07777

intentional.

67. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

68. **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Illinois Biometric Information Privacy Act**
**740 ILCS 14/15(b)**
**(On behalf of Plaintiffs and all Classes)**

69. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

70. The BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric

13

FILED DATE: 6/27/2019 3:23 PM 2019CH07777

identifier . . . unless it first: (1) informs the subject . . . in writing that a biometric identifier . . . is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier . . . is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier . . . ." 740 ILCS 14/15(b).

71.     Amazon is a Delaware corporation and thus qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

72.     Plaintiffs' and the Class members' voice recordings are "biometric identifiers" or "biometric information" pursuant to 740 ILCS 14/10.

73.     Amazon systematically and automatically collected, used, and stored Plaintiff and the Class members' biometric identifiers or biometric information without first obtaining the specific written release required by 740 ILCS 14/15(b)(3).

74.     Amazon did not properly inform Plaintiffs or the Class members in writing that their biometric identifiers or biometric information were being collected and stored, nor did it inform them in writing of the specific purpose and length of term for which their biometric identifiers or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

75.     By collecting, storing, and using Plaintiffs' and the Class members' biometric identifiers or biometric information as described herein, Amazon violated Plaintiffs' and The Class members' rights to privacy in their biometric identifiers as set forth in the BIPA.

76.     On behalf of themselves and the Class, Plaintiffs seek: (i) injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Amazon to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers or biometric information; (ii) statutory damages of $5,000.00 per intentional or reckless violation

FILED DATE: 6/27/2019 3:23 PM   2019CH07777

of BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000.00 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (iii) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**SECOND CAUSE OF ACTION**
**Violation of the Illinois Biometric Information Privacy Act**
**740 ILCS 14/15(a)**
**(On behalf of Plaintiffs and all Classes)**

77.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

78.     Section 15(a) of the BIPA requires that any "private entity in possession of biometric identifiers . . . must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers . . . when the initial purpose for collecting or obtaining such identifiers . . . has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

79.     Amazon does not publicly provide a retention schedule or guidelines for permanently destroying their biometric identifiers or biometric information as specified by the BIPA. *See* 740 ILCS 14/15(a).

80.     Accordingly, on behalf of themselves and the Class, Plaintiffs seek: (i) injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Amazon to establish and make publicly available a policy for the permanent destruction of biometric identifiers compliant with 740 ILCS 14/15(a); (ii) statutory damages of $5,000.00 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000.00 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (iii) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

15

FILED DATE: 6/27/2019 3:23 PM 2019CH07777

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a minor, on behalf of themselves individually and the respective Classes, respectfully request that this Court issue an order:

A.  Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a minor, as representatives of the Classes, and appointing their counsel as class counsel;

B.  Declaring that Defendant's actions, as described herein, constitute violations of BIPA;

C.  Awarding statutory damages of $5,000.00 per intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000.00 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1);

D.  Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Classes, including, among other things, an order requiring Amazon to collect, store, and use biometric identifiers in compliance with the BIPA;

E.  Awarding Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

F.  Awarding Plaintiffs and the Classes pre- and post-judgment interest, to the extent allowable; and,

G.  Awarding such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiffs request a trial by jury of all claims that can so be tried.

16

FILED DATE: 6/27/2019 3:23 PM  2019CH07777

Respectfully Submitted,

**BENNETT WILCOSKY,** individually,
and on behalf of all others similarly situated,

**MICHAEL GUNDERSON,** individually,
and on behalf of all others similarly situated,

**MICHAEL GUNDERSON, AS NEXT
FRIEND OF E.G., A MINOR**
and on behalf of all others similarly situated,

Dated: June 26, 2019

By: _____
One of Plaintiff's Attorneys

Marc A. Taxman (mtaxman@tpmblegal.com)
Bradley N. Pollock (bpollock@tpmblegal.com)
Sean P. Murray (smurray@tpmblegal.com)
Gerald J. Bekkerman (gbekkerman@tpmblegal.com)
Brennan B. Hutson (bhutson@tpmblegal.com)
**TAXMAN, POLLOCK, MURRAY,
& BEKKERMAN, LLC**
225 W. Wacker Drive, Suite 1750
Chicago, IL 60606
Tel: 312-586-1700
Fax: 312-5861701
Firm no. 61090

Michael Aschenbrener (masch@kamberlaw.com)
Adam York (ayork@kamberlaw.com)
**KamberLaw, LLC**
220 N. Green Street
Chicago, Illinois 60607
Tel: 212-920-3072
Fax: 573-341-8548
Firm No. 62824

Scott Kamber (skamber@kamberlaw.com) (*pro hac vice* application forthcoming)
**KamberLaw, LLC**
201 Milwaukee Street, Suite 200
Denver, CO 80206
Tel: 212-920-3072
Fax: 573-341-8548

17

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

BENNETT WILCOSKY, MICHAEL
GUNDERSON, and MICHAEL
GUNDERSON, as next friend of E.G., a
minor, individually and on behalf of all
others similarly situated,

                Plaintiffs,

    v.

AMAZON.COM, INC., a Delaware
corporation and AMAZON.COM
SERVICES, INC., a Delaware corporation,

                Defendant.

No. 2019 CH 07777

CLASS ACTION



FILED
CH-2405
JUN 28 2019
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a minor, through their counsel, TAXMAN, POLLOCK, MURRAY, & BEKKERMAN, LLC and KAMBERLAW, LLC, hereby respectfully move this Court for an order certifying this case as a class action pursuant to 735 ILCS 5/2-801. In support of this motion, Plaintiffs state as follows:

### A.    The Proposed Class and Subclasses

Plaintiff seeks to certify this case as a class action on behalf of a class defined as follows (the "Class"):

### The "Illinois Class"

All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) spoke in the vicinity of an Alexa device and was recorded by the Alexa device, and (2) for whom Amazon created and stored their voice recordings.

1

### The "Illinois Bystander Sub-Class"

All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) do not have registered Alexa Accounts and (2) spoke in the vicinity of an Alexa device and (3) for whom Amazon created and stored their voice recordings.

### The "Illinois Minors Sub-Class"

All minors in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) spoke in the vicinity of an Alexa device and was recorded by the Alexa device, (2) and for whom Amazon created and stored their voice recordings.

### B.     735 ILCS 5/2-801 Requirements for Class Certification

Class actions in Illinois are governed by the Illinois Code of Civil Procedure, 735 ILCS 5/2-801.

> Prerequisites. One or more class members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) The class is so numerous that joinder of all members is impracticable.
> (2) There are questions of law or fact common to the class.
> (3) The representative parties will fairly and adequately protect the interests of the class.
> (4) The class action is an appropriate method for the fair an efficient adjudication of the controversy.

"For an action to be maintained as a class action, a trial court must find four prerequisites: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of fact or law common to the class which predominate over any questions affecting only individual members; (3) the representative parties will fairly and adequately protect the interest of the class; and (4) the class action is an appropriate method for the fair and efficient adjudication of the controversy." *Gordon v. Boden,* 224 Ill.App.3d 195, 199 (1991). In deciding whether to certify a class, a court may consider "any matters of fact or law properly presented by the record, including the pleadings, depositions, affidavits, answers to interrogatories and any evidence that may have

2

been adduced at the hearings." *Id*. Certification of a class is within the sound discretion of the trial court and will be disturbed only if there is an abuse of that discretion or if impermissible legal criteria are applied. *Id*.

### 1. The proposed Class is sufficiently numerous.

Like the Federal Rules of Civil Procedure, the Illinois class action statute's first requirement, numerosity, is satisfied where "joinder of all members is impracticable." 735 ILCS 5/2-801. The Illinois Supreme Court has explicitly stated that federal decisions interpreting Federal Rule of Civil Procedure Rule 23 "are persuasive authority with regard to the question of class certification in Illinois." *Smith v. Illinois Cent. R.R. Co.*, 860 N.E.2d 332, 336 (2006).

"[A] plaintiff does not need to demonstrate the exact number of class members as long as a conclusion is apparent from good-faith estimates." *Barragan v. Evanger's Dog and Cat Food Co.*, 259 F.R.D. 330, 333 (N.D. Ill. 2009). "Generally, where class members number at least 40, joinder is considered impracticable and numerosity is satisfied." *Oplchenski v. Parfums Givenchy, Inc.*, 254 F.R.D. 489, 495 (N.D. Ill. 2008); *see also Shurland v. Bacci Café and Pizzeria on Ogden Inc.*, 259 F.R.D. 151, 158 (N.D. Ill. 2009) (finding numerosity and granting class certification prior to Plaintiff conducting class discovery on basis of Plaintiff's allegations that the class numbered no greater than 6,359 persons).

Here, similarly to *Shurland*, Plaintiffs have alleged on information and belief that there are thousands of Class members. (Compl. ¶ 63.) The parties have not yet conducted discovery, but common sense suggests numerosity is satisfied. Defendant Amazon has boasted more than 100 million Alexa devices sold.[1]

### 2. Plaintiffs' questions of fact or law are common to the class, and those common questions predominate over any questions affecting only

---

[1] https://www.theverge.com/2019/1/4/18168565/amazon-alexa-devices-how-many-sold-number-100-million-dave-limp

3

*individual members.*

The purpose of the predominance requirement is to "ensure that the proposed class is sufficiently cohesive to warrant adjudication by representation" *Smith*, 860 N.E.2d at 337. "The test for predominance is not whether the common issues outnumber the individual ones, but whether common or individual issues will be the object of most of the efforts of the litigants and the court." *Id.* Where the predominance test is met, "a judgement in favor of the class members should decisively settle the entire controversy, and all that should remain is for other members of the class to file proof of their claim." *Id.*

In this case, no Plaintiff or Class member's claim varies from another Plaintiff or Class member's claim in any significant way; to the contrary, the only plausible variation from claim-to-claim is the number of times that Amazon violated BIPA against that particular individual. Moreover, the question of whether Amazon's conduct constitutes one occurrence per Class member, or several occurrences per recording, is a question common to all Class members and will be dispositive of the entire controversy.

### 3. *Plaintiff will adequately represent the Class.*

Like the Federal Rules of Civil Procedure, Plaintiffs must establish that the representative parties will fairly and adequately represent the Class. 735 ILCS 5/2-801(3). An adequate class representative meets each of these requirements: (1) is a member of the class; (2) does not seek relief that is potentially antagonistic to absent members of the class; and (3) has the desire and ability to prosecute the claim vigorously on behalf of him or herself and the other class members, which requires a sufficient level of knowledge and understanding of the litigation. *Byer Clinic and Chiropractic, LTD. v. Kapraun*, 2016 Ill App (1st) 143733. The adequate representation requirement of a class action lawsuit ensures that all class members receive proper, efficient, and appropriate protection of their interests in the prosecution of the claims. *Id.* The trial court must

4

also examine the adequacy of the named class representative and its counsel. *Id.*

Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend to E.G., a minor, will adequately represent the Class as they seek only the same relief they seek for all Class members—an injunction against Amazon and the maximum statutory damages available under BIPA. (Compl. ¶¶ 74, 78.) Thus, they have no interests antagonistic to the Class. Plaintiffs have also secured adequate counsel to represent him and the Class. Plaintiff's counsel has regularly engaged in major complex litigation, and has extensive experience in consumer class actions involving similar issues and of similar size, scope, and complexity as the present case. (*See* Firm Resume of KamberLaw, LLC, a true and accurate copy of which is attached hereto as Exhibit A.) In addition to the expertise and experience of KamberLaw, LLC, Plaintiffs are also represented by local counsel with sixteen trial attorneys at Taxman, Pollock, Murray, & Bekkerman, LLC. With this experience, Plaintiffs' counsel will more than adequately represent the interests of the Class.

### 4. *The class action is an appropriate method for the fair and efficient adjudication of the controversy.*

In deciding whether a class action is the appropriate method for the fair and efficient adjudication of the controversy, a court considers whether a class action can best secure economies of time, effort, and expense or accomplish the other ends of equity and justice that class actions seek to obtain. *Ramirez v. Midway Moving and Storage, Inc.,* 880 N.E.2d 653 (Ill. App. 1st Dist. 2007). Where the first three statutory requirements for class certification have been satisfied, the fourth requirement, that a class action is the appropriate method for the fair and efficient adjudication of the controversy, may be considered fulfilled as well. *Id.; see also Walczak v. Onyx Acceptance Corp,* 850 N.E.2d 357 (Ill. App. 2d Dist. 2006). A class action "is an appropriate way

of disposing of number of relatively small claims." *Aguilar v. Safeway Ins. Co.*, 582 N.E.2d 1362, 1367 (Ill. App. 1st Dist. 1991).

In this case, a class action is the most appropriate manner of adjudicating the thousands of claims in this case. This class action would save the time, effort, and judicial resources that would be wasted on tens of thousands of claims for $1,000.00 or $5,000.00. Moreover, while mass injury torts are frowned upon, Illinois courts have upheld class action suits brought pursuant to statutory violations. *See CE Design Ltd. v. C & T Pizza, Inc.*, 2015 IL App (1st) 131465 (holding that class action was preferable over small claims court where defendant was alleged to have violated the Telephone Consumer Protection Act). This cause of action, like the Telephone Consumer Protection Act, which Illinois courts have held to be appropriately adjudicated by class action, is a statutory violation with small damages less than $5,000.00 per violation. Accordingly, like *CE Design Ltd.*, this class should be certified.

## CONCLUSION

For all the reasons stated above, this case is appropriate for class certification, and Plaintiffs respectfully request that the Court certify it as such.

**WHEREFORE**, Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a minor, respectfully request that the Court:

   a. Grant Plaintiffs' motion for class certification pursuant to 735 ILCS 5/2-801 and certify the Classes as defined herein;

   b. Appoint Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson as next friend of E.G., a minor, as their respective Class Representatives;

   c. Appoint Scott A. Kamber and Michael Aschenbrener of KamberLaw LLC and Gerald Bekkerman and Bradley N. Pollock of Taxman, Pollock, Murray & Bekkerman, LLC as Class Counsel; and

   d. Provide any and all other relief that the Court deems equitable and just.

In the alternative, Plaintiffs respectfully request that the Court:

6

a. Enter and continue Plaintiff's Motion for Class Certification;

b. Set a schedule for discovery;

c. Grant Plaintiff leave to file an amended or renewed Motion for Class Certification upon the conclusion of discovery; and

d. Provide Plaintiff any and all other relief that the Court deems equitable and just.

Respectfully Submitted,

**BENNETT WILCOSKY.,** individually,
and on behalf of all others similarly situated,

**MICHAEL GUNDERSON,** individually,
and on behalf of all others similarly situated,

**MICHAEL GUNDERSON, AS NEXT OF
FRIEND OF E.G., A MINOR**
and on behalf of all others similarly situated,

Dated: June 28, 2019

By: _____
One of Plaintiff's Attorneys

Gerald J. Bekkerman (gbekkerman@tpmblegal.com)
Bradley N. Pollock (bpollock@tpmblegal.com)
Sean P. Murray (smurray@tpmblegal.com
Marc A. Taxman (mtaxman@tpmblegal.com)
Brennan B. Hutson (bhutson@tpmblegal.com)
**TAXMAN, POLLOCK, MURRAY,
& BEKKERMAN, LLC**
225 W. Wacker Drive, Suite 1750
Chicago, IL 60606
Tel: 312-586-1700
Fax: 312-5861701
Firm no. 61090

7

Michael Aschenbrener (masch@kamberlaw.com)
Adam York (ayork@kamberlaw.com)
**KamberLaw, LLC**
220 N. Green Street
Chicago, Illinois 60607
Tel: 212-920-3072
Fax: 573-341-8548
Firm No. 62824

Scott Kamber (skamber@kamberlaw.com) (*pro hac vice* application forthcoming)
**KamberLaw, LLC**
201 Milwaukee Street, Suite 200
Denver, CO 80206
Tel: 212-920-3072
Fax: 573-341-8548

8

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

BENNETT WILCOSKY, MICHAEL
GUNDERSON, and MICHAEL
GUNDERSON, as next friend of E.G., a
minor, individually and on behalf of all
others similarly situated,

              Plaintiffs,

    v.

AMAZON.COM, INC., a Delaware
corporation and AMAZON.COM
SERVICES, INC., a Delaware corporation,

              Defendants.

No. 2019 CH 07777

CLASS ACTION



FILED
CH - 2405
JUN 28 2019
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

## NOTICE OF MOTION

TO:    No appearance to date

    On **October 25, 2019** at **10:00 a.m.**, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Eve Reilly or any judge sitting in her stead in Courtroom 2405 of the Richard J. Daley Center, 50 West Washington, Chicago, Illinois, and shall then and there move this Honorable Court pursuant to the attached, **PLAINTIFF'S MOTION FOR CLASS CERTIFICATION.**

              Respectfully submitted,

              TAXMAN   POLLOCK   MURRAY   &
              BEKKERMAN LLC

              By:
              One of Plaintiff's Attorneys

Gerald J. Bekkerman (gbekkerman@tpmblegal.com)
Bradley N. Pollock (bpollock@tpmblegal.com)
Sean P. Murray (smurray@tpmblegal.com
Marc A. Taxman (mtaxman@tpmblegal.com)
Brennan B. Hutson (bhutson@tpmblegal.com)
**TAXMAN, POLLOCK, MURRAY,
& BEKKERMAN, LLC**
225 W. Wacker Drive, Suite 1750
Chicago, IL 60606
Tel: 312-586-1700
Fax: 312-5861701
Firm no. 61090

Michael Aschenbrener (masch@kamberlaw.com)
Adam York (ayork@kamberlaw.com)
**KamberLaw, LLC**
220 N. Green Street
Chicago, Illinois 60607
Tel: 212-920-3072
Fax: 573-341-8548
Firm No. 62824

Scott Kamber (skamber@kamberlaw.com) (*pro hac vice* application forthcoming)
**KamberLaw, LLC**
201 Milwaukee Street, Suite 200
Denver, CO 80206
Tel: 212-920-3072
Fax: 573-341-8548

## PROOF OF SERVICE

Under the penalties as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies it to be true and correct that he served a copy of the foregoing Notice by mailing a copy to each party listed above by depositing the same in the U.S. Mail at 225 West Wacker Drive in Chicago, Illinois by 5:00 p.m. on **June 28, 2019** with proper postage prepaid.

Lizette Sanchez