UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENNETT WILCOSKY, MICHAEL GUNDERSON, and MICHAEL GUNDERSON as next friend of E.G., a minor, each individually, and on behalf of all others similarly situated,<br><br>                       Plaintiffs,<br><br>     v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES, INC.,<br><br>                 Defendants. | CIVIL ACTION<br><br>No. 1:19-cv-05061<br><br>Hon. Franklin U. Valderrama<br><br>CLASS ACTION |

**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a Minor, each individually and on behalf of the Classes defined herein below, bring this Class Action Complaint against Defendants Amazon.com, Inc. and Amazon.com Services, Inc. (collectively, "Amazon" or "Defendant") for its violations of Plaintiffs' privacy rights guaranteed under the Illinois Biometric Information Privacy Act, 740 ILCS 14/*et seq* (hereinafter "BIPA" or "The Act"). Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

The purpose of this amended complaint is to provide a vehicle for Plaintiffs Wilcosky and Gunderson to have their claims litigated in this Court, rather than in arbitration, as previously

ordered. Amazon has withdrawn its motion to compel arbitration as to Plaintiff E.G., and will not seek to require Plaintiffs Wilcosky and Gunderson to arbitrate their claims. *See* Parties' Joint Stipulation, ECF 70. The only changes to this Complaint from the originally filed version are the change of the caption to reflect its filing in this Court and the addition of this paragraph.

## NATURE OF THE ACTION

1.      Amazon—once known primarily as "Amazon.com," but now known ubiquitously as "Amazon" is no longer a mere seller of books online. In fact, Amazon is no longer just a seller of things. Among so many, many products and services Amazon offers, its "Alexa" voice-based virtual assistant is perhaps the greatest threat to individual privacy this country has yet seen.

2.      Alexa is everywhere and is always listening.

3.      Alexa is embedded in innumerable devices from Amazon's own Echo "smart" speakers and Fire tablets to vast array of "smart" items made by other companies, such as smartphones, TVs, light switches, thermostats, door locks, and even light bulbs—to name but a few.[1]

4.      Alexa listens to users, records users' voices, and responds to the users' voice commands using speech and voice recognition technology. Alexa uses the users' voice recordings to answer the users' questions and fulfill the users' requests.[2] Alexa even learns from users' recordings by analyzing search and voice patterns.[3]

5.      More than 100 million Alexa-capable devices have been sold as of January 2019,[4] including more than 47 million Echo devices.[5]

---

[1] https://www.reviewed.com/smarthome/features/everything-that-works-with-amazon-echo-alexa
[2] For example, "Alexa, what is the score of the Cubs game?"
[3] https://wgntv.com/2019/05/16/a-warning-to-listen-up-as-smart-speakers-listen-in/
[4] https://www.theverge.com/2019/1/4/18168565/amazon-alexa-devices-how-many-sold-number-100-million-dave-limp
[5] http://fortune.com/longform/amazon-google-apple-voice-recognition/

6.     In an effort to improve the voice and speech recognition technology, Amazon retains every voice recording created by the user and any individual who happens to be speaking near the Alexa device. In other words, every time someone with an Alexa-enabled device says, "Alexa, how warm will it be today?," Amazon keeps a recording of the user speaking those words, as well as any follow-up statements or questions, and the statements of any other persons who just so happen to be within recording distance of the Alexa device.

7.     To protect the privacy of its citizens, the Illinois General Assembly enacted the Biometric Information Privacy Act, 740 ILCS 14/*et seq*. The Act prohibits the collection, retention, capture, or purchase of biometric identifiers or biometric information.

8.     Biometric identifiers include retina or iris scans, fingerprints, voiceprints, and scans of hand or face geometry. Unlike other unique identifiers like social security numbers, biometrics can never be changed if compromised.

9.     Amazon's Alexa devices collect voiceprints, one of the specifically enumerated forms of biometric identifiers set for in BIPA, from any and all persons who speak in its vicinity after a triggering word has been uttered.[6]

10.     Alexa Devices capture, collect, and retain the voiceprint of any and all people who speak near Alexa devices, regardless of age or affiliation with Amazon.

11.     Under BIPA, when companies like Amazon decide to retain biometric identifiers or biometric information, they are required to develop a written policy, available to the public, establishing a retention schedule and guidelines for permanently destroying the biometric identifiers and biometric information when the initial purpose of collecting or obtaining such identifiers has been satisfied, or within 3 years of the individual's last interaction with the private

---

[6] Alexa can automatically recognize a person's voice even if that person never set up a voice profile: https://www.amazon.com/gp/help/customer/display.html?nodeId=202199440

entity, whichever occurs first.

12.     When companies like Amazon decide to collect, capture, purchase, receive through trade, or otherwise obtain a person or customer's biometric identifier or biometric information, it must first:

- Inform the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

- Inform the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

- Receive a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

13.     Unfortunately, Amazon disregards these statutorily imposed obligations and fails to inform persons that a biometric identifier or biometric information is being collected or stored and fails to secure written releases executed by the subject or the subject's legally authorized representative.

14.     Accordingly, this Complaint seeks an Order: (i) requiring Amazon to cease the unlawful activities discussed herein; and (ii) awarding actual and/or statutory damages to Plaintiff and the proposed Class.

**PARTIES**

15.     Plaintiff Bennett Wilcosky is a natural person and citizen of Illinois.

16.     Plaintiff Michael Gunderson is a natural person and citizen of Illinois.

17.     Plaintiff Michael Gunderson is guardian and father of E.G., a minor child. E.G. is a natural person and citizen of Illinois.

18.     Defendant Amazon.com, Inc. is a Delaware corporation with its headquarters located at 410 Terry Avenue North, Seattle, Washington, 98109. Amazon conducts business

throughout this County, the State of Illinois, and the United States.

19.     Defendant Amazon.com Services, Inc. is Delaware corporation with its headquarters located at 410 Terry Avenue North, Seattle, Washington, 98109. Amazon conducts business throughout this County, the State of Illinois, and the United States.

## JURISDICTION AND VENUE

20.     The Court has personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209(b)(4) because Amazon does business within this state.

21.     Venue is proper in Cook County because Defendant conducts business transactions in Cook County and the causes of action arose, in part, in Cook County.

## COMMON FACTUAL ALLEGATIONS

### I.     The Biometric Information Privacy Act.

22.     The Illinois General Assembly enacted BIPA in 2008 to establish standards of conduct for private entities that collect or possess biometric information.

23.     To that end, a private entity, such as Amazon, in possession of biometric identifiers or biometric information must develop

> a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

740 ILCS 14/15(a).

24.     BIPA defines a "biometric identifier" as:

> a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as

height, weight, hair color, or eye color. Biometric identifiers do not include donated organs, tissues, or parts as defined in the Illinois Anatomical Gift Act or blood or serum stored on behalf of recipients or potential recipients of living or cadaveric transplants and obtained or stored by a federally designated organ procurement agency. Biometric identifiers do not include biological materials regulated under the Genetic Information Privacy Act. Biometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996. Biometric identifiers do not include an X-ray, roentgen process, computed tomography, MRI, PET scan, mammography, or other image or film of the human anatomy used to diagnose, prognose, or treat an illness or other medical condition or to further validate scientific testing or screening.

740 ILCS 14/10.

25.     BIPA defines "biometric information" as: "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information "does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.*

26.     Under BIPA, no private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it:

> i.     informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;
>
> ii.     informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and;
>
> iii.     receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

*See* 740 ILCS 14/15(b).

27.     BIPA also sets forth a private right of action. "Any person aggrieved by a violation

of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party." 740 ILCS 14/20. A prevailing party may recover for each violation:

>    i.    against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
>
>    ii.    against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater;
>
>    iii.    reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and
>
>    iv.    other relief, including an injunction, as the State or federal court may deem appropriate."

*Id.*

## II.    Amazon Violates the Illinois Biometric Information Privacy Act as a Matter of Course

28.    Alexa devices record and respond to oral communications upon hearing the wake word (usually "Alexa"), as in, "Alexa, will it rain today?" Once an Alexa device recognizes the wake word, the Alexa device records the oral communications that follow, including ambient speaking in the background not even meant for Alexa. The Alexa device transmits all of these oral communications to Amazon's servers. Amazon then indefinitely stores copies of all recordings on its own servers for continued use and analysis.

29.    Amazon does not inform Alexa users in writing that Alexa is collecting biometric information or biometric identifiers.

30.    Amazon does not inform bystanders—people who speak in the vicinity of Alexa devices but do not own Alexa devices nor have Alexa accounts—in writing that Alexa is collecting biometric information or biometric identifiers.

31.     Amazon does not inform minors who speak in the vicinity of Alexa devices, or their legally authorized representative, in writing that Alexa is collecting biometric information and/or biometric identifiers.

32.     Amazon does not receive a written release executed by Alexa users consenting to collection, capturing, purchase, or retention of biometric information or biometric identifiers.

33.     Amazon does not receive a written release executed by bystanders who speak in the vicinity of Alexa devices but do not own Alexa devices nor have Alexa accounts, consenting to collect, capture, purchase, or retention of biometric identifier or biometric information.

34.     Amazon does not receive a written release executed by the guardians or legally authorized representatives of minors who speak in the vicinity of Alexa devices consenting to collect, capture, purchase, or retention of biometric identifier and/or biometric information.

35.     Amazon's website does not have a written, publicly available policy identifying its biometrics retention schedule, nor guidelines for permanently destroying persons' biometric identifiers when they are no longer needed.

## FACTS SPECIFIC TO PLAINTIFF WILCOSKY

36.     As of June 25, 2019, Plaintiff Bennett Wilcosky was not, and never had been, a purchaser of any Alexa device. Plaintiff Wilcosky has never set up an Alexa account or downloaded the Alexa application.

37.     Nevertheless, Plaintiff Wilcosky has been voice-recorded by Alexa devices in Illinois on numerous occasions without his consent.

38.     When Plaintiff Wilcosky spoke in proximity to an Alexa device while the Alexa device was recording, Amazon recorded and stored Plaintiff Wilcosky's voice in its databases and on its servers.

39.     On information and belief, Amazon retained the recording of Plaintiff Wilcosky

8

and subjected the audio recording to data analysis calculated to create a voiceprint or recognize the voice of Plaintiff Wilcosky.

40.     Amazon has never informed Plaintiff Wilcosky, in writing or otherwise, that Amazon is recording or storing his voice and collecting his biometric identifier or biometric information.

41.     Plaintiff Wilcosky never consented, agreed, or gave permission—written or otherwise—to Amazon to collect or store his biometric identifiers or biometric information.

42.     Plaintiff Wilcosky never executed any written release giving consent for Amazon to record or store his voice and collect his biometric identifier or biometric information.

43.     Likewise, Plaintiff Wilcosky was never provided with an opportunity to prohibit or prevent Amazon from collecting, storing, or using his biometric identifiers or biometric information.

44.     On information and belief, Amazon intentionally and/or recklessly captured, collected, and/or retained Plaintiff Wilcosky's biometric identifier and/or biometric information.

45.     Amazon's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of BIPA.

**FACTS SPECIFIC TO PLAINTIFF MICHAEL GUNDERSON**

46.     Plaintiff Michael Gunderson owns an Amazon Echo equipped with Alexa services.

47.     Plaintiff Gunderson has been voice-recorded by Alexa devices in Illinois on numerous occasions without his consent.

48.     When Plaintiff Gunderson spoke in proximity to an Alexa device while the Alexa device was recording, Amazon recorded and stored Plaintiff Gunderson's voice in its databases and on its servers.

49.     On information and belief, Amazon retained the recording of Plaintiff Gunderson and subjected the audio recording to data analysis calculated to create a voiceprint or recognize the voice of Plaintiff Gunderson.

50.     Amazon has never informed Plaintiff Gunderson, in writing or otherwise, that Amazon is recording or storing his voice and collecting his biometric identifier or biometric information.

51.     Plaintiff Gunderson never executed any written release giving consent for Amazon to record or store his voice and collect his biometric identifier or biometric information.

52.     Likewise, Plaintiff Gunderson was never provided with an opportunity to prohibit or prevent Amazon from collecting, storing, or using his biometric identifiers or biometric information.

53.     On information and belief, Amazon intentionally and/or recklessly captured, collected, and/or retained Plaintiff Gunderson's biometric identifier and/or biometric information.

54.     Amazon's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of BIPA.

**FACTS SPECIFIC TO E.G., A MINOR**

55.     E.G., a minor who is three-years-old, resides in the home her father, Plaintiff Michael Gunderson, who owns an Amazon Echo equipped with Alexa services.

56.     E.G. has been voice-recorded by Alexa devices in Illinois on numerous occasions without her consent.

57.     When E.G. spoke in proximity to an Alexa device while the Alexa device was recording, Amazon recorded and stored E.G.'s voice in its databases and on its servers.

58.     On information and belief, Amazon retained the recording of E.G. and subjected

the audio recording to data analysis calculated to create a voiceprint or recognize the voice of E.G..

59.    Amazon has never informed E.G. or her legally authorized representatives, in writing or otherwise, that Amazon is recording or storing his voice and collecting her biometric identifier or biometric information.

60.    E.G.'s guardians and legally authorized representatives never executed any written release giving consent for Amazon to record or store her voice and collect her biometric identifier or biometric information.

61.    Likewise, neither E.G. nor her legally authorized representative was provided with an opportunity to prohibit or prevent Amazon from collecting, storing, or using her biometric identifiers or biometric information.

62.    On information and belief, Amazon intentionally and/or recklessly captured, collected, and/or retained E.G.'s biometric identifier and/or biometric information.

63.    Amazon's violation was willful inasmuch as it knew, or reasonably should have known, that it was failing to comply with the above-described requirements of BIPA.

## CLASS ALLEGATIONS

64.    **Class Definitions**: Plaintiffs bring this action pursuant to 735 ILCS 5/2-801, *et seq.*, on behalf of themselves individually and the following classes (the "Classes") of similarly situated individuals, defined as follows:

**The "Illinois Class" brought by all Plaintiffs Wilcosky, Gunderson, and E.G.**

All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) spoke in the vicinity of an Alexa device and were recorded by the Alexa device, and (2) for whom Amazon created and stored their voice recordings.

**The "Illinois Bystander Sub-Class" brought by Plaintiffs Gunderson and E.G.**

All individuals in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) do not have

11

registered Alexa Accounts and (2) spoke in the vicinity of an Alexa device and (3) for whom Amazon created and stored their voice recordings.

**The "Illinois Minors Sub-Class" brought by Plaintiff E.G.**

All minors in Illinois who, from the date five years prior to the date of the filing of this action to the date of class certification of this action, (1) spoke in the vicinity of an Alexa device and were recorded by the Alexa device, (2) and for whom Amazon created and stored their voice recordings.

Excluded from the Class are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

65.     **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, there are at least thousands of individuals in the Class, making joinder of each individual member impracticable. Ultimately, members of the Class will be easily identified through Defendant's records.

66.     **Commonality and Predominance**: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members:

        a.      whether Amazon collected, captured, received, or otherwise obtained Plaintiff and the Classes' biometric identifiers;

        b.      whether Amazon properly informed Plaintiff and the Classes that it collected, used, and stored their biometric identifiers;

        c.      whether Amazon obtained a written release (as defined in 740 ILCS 14/10)

from Plaintiff and the Class to collect, capture, otherwise obtain their biometric identifiers;

       d.      whether Amazon had and made available to the public, a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers in compliance with the BIPA; and

       e.      whether Defendant's conduct described herein was reckless and/or intentional.

67.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

68.    **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable. The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's wrongful conduct. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**FIRST CAUSE OF ACTION**
**Violation of the Illinois Biometric Information Privacy Act**
**740 ILCS 14/15(b)**
**(On behalf of Plaintiffs and all Classes)**

69.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

70.     The BIPA makes it unlawful for any private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier . . . unless it first: (1) informs the subject . . . in writing that a biometric identifier . . . is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier . . . is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier . . . ." 740 ILCS 14/15(b).

71.     Amazon is a Delaware corporation and thus qualifies as a "private entity" under the BIPA. *See* 740 ILCS 14/10.

72.     Plaintiffs' and the Class members' voice recordings are "biometric identifiers" or "biometric information" pursuant to 740 ILCS 14/10.

73.     Amazon systematically and automatically collected, used, and stored Plaintiff and the Class members' biometric identifiers or biometric information without first obtaining the specific written release required by 740 ILCS 14/15(b)(3).

74.     Amazon did not properly inform Plaintiffs or the Class members in writing that their biometric identifiers or biometric information were being collected and stored, nor did it inform them in writing of the specific purpose and length of term for which their biometric identifiers or biometric information were being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

75.     By collecting, storing, and using Plaintiffs' and the Class members' biometric identifiers or biometric information as described herein, Amazon violated Plaintiffs' and The Class

14

members' rights to privacy in their biometric identifiers as set forth in the BIPA.

76.     On behalf of themselves and the Class, Plaintiffs seek: (i) injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Amazon to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers or biometric information; (ii) statutory damages of $5,000.00 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000.00 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (iii) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**SECOND CAUSE OF ACTION**
**Violation of the Illinois Biometric Information Privacy Act**
**740 ILCS 14/15(a)**
**(On behalf of Plaintiffs and all Classes)**

77.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

78.     Section 15(a) of the BIPA requires that any "private entity in possession of biometric identifiers . . . must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers . . . when the initial purpose for collecting or obtaining such identifiers . . . has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

79.     Amazon does not publicly provide a retention schedule or guidelines for permanently destroying their biometric identifiers or biometric information as specified by the BIPA. *See* 740 ILCS 14/15(a).

80.     Accordingly, on behalf of themselves and the Class, Plaintiffs seek: (i) injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Amazon to establish and make publicly available a policy for the permanent destruction of

15

biometric identifiers compliant with 740 ILCS 14/15(a); (ii) statutory damages of $5,000.00 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000.00 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (iii) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a minor, on behalf of themselves individually and the respective Classes, respectfully request that this Court issue an order:

A.      Certifying this case as a class action on behalf of the Classes defined above, appointing Plaintiffs Bennett Wilcosky, Michael Gunderson, and Michael Gunderson, as next friend of E.G., a minor, as representatives of the Classes, and appointing their counsel as class counsel;

B.      Declaring that Defendant's actions, as described herein, constitute violations of BIPA;

C.      Awarding statutory damages of $5,000.00 per intentional or reckless violation of the BIPA pursuant to 740 ILCS 14/20(2) and statutory damages of $1,000.00 per negligent violation of the BIPA pursuant to 740 ILCS 14/20(1);

D.      Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Classes, including, among other things, an order requiring Amazon to collect, store, and use biometric identifiers in compliance with the BIPA;

E.      Awarding Plaintiffs and the Classes their reasonable litigation expenses and attorneys' fees;

F.      Awarding Plaintiffs and the Classes pre- and post-judgment interest, to the extent

16

allowable; and,

      G.    Awarding such other and further relief as equity and justice may require.

**JURY DEMAND**

Plaintiffs request a trial by jury of all claims that can so be tried.

Respectfully Submitted,

**BENNETT WILCOSKY**, individually,
and on behalf of all others similarly situated,

**MICHAEL GUNDERSON,** individually,
and on behalf of all others similarly situated,

**MICHAEL GUNDERSON, AS NEXT
FRIEND OF E.G., A MINOR**
and on behalf of all others similarly situated,

Dated: July 30, 2021

By: s/ Michael Aschenbrener
One of Plaintiffs' Attorneys

Marc A. Taxman (mtaxman@tpmblegal.com)
Bradley N. Pollock (bpollock@tpmblegal.com)
Sean P. Murray (smurray@tpmblegal.com)
Gerald J. Bekkerman (gbekkerman@tpmblegal.com)
**TAXMAN, POLLOCK, MURRAY,
& BEKKERMAN, LLC**
225 W. Wacker Drive, Suite 1750
Chicago, IL 60606
Tel: 312-586-1700
Fax: 312-5861701
Firm no. 61090

Michael Aschenbrener (masch@kamberlaw.com)
Adam York (ayork@kamberlaw.com)
**KamberLaw, LLC**
220 N. Green Street
Chicago, Illinois 60607
Tel: 212-920-3072
Firm No. 62824

Scott A. Kamber (skamber@kamberlaw.com) (admitted *pro hac vice*)

**KamberLaw, LLC**
201 Milwaukee Street, Suite 200
Denver, CO 80206
Tel: 212-920-3072