**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BENNETT WILCOSKY, MICHAEL GUNDERSON, and MICHAEL GUNDERSON as next friend of E.G., a minor, each individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES, INC.,<br><br>Defendants. | No. 19-cv-05061<br>Judge Franklin U. Valderrama |

**ORDER**

In these consolidated cases,[1] Plaintiffs assert that Defendants Amazon.com, Inc. and Amazon.com Services, Inc.'s (collectively, Amazon) Alexa device, a digital assistant, has recorded and stored their voiceprints—a biometric identifier—without their consent, in violation of the Illinois Biometric Information Privacy Act (BIPA), 740 ILCS 14/1 *et seq.* R. 75, Am. Compl.[2] Before the Court are Plaintiffs Bennett Wilcosky, Michael Gunderson, Michael Gunderson as next friend of E.G., a minor, Lucia Flores, Donna Rucker, Jason Stebbins, Sandy White, Julie Bloom Stebbins, Cheri Anne Clark, Becky White, and Carol Cooper's (collectively Wilcosky Plaintiffs) motion for appointment of KamberLaw, LLC (KamberLaw) as interim class counsel (R. 97, KamberLaw Mot. Appoint) and Plaintiffs Anthony Adams and Thomas Reid's (collectively Adams Plaintiffs) competing motion for appointment of Labaton Sucharow LLC (Labaton Sucharow) and Lowey Dannenberg, P.C. (Lowey Dannenberg) as interim co-lead counsel (R. 98, Labaton Mot. Appoint). The Court grants the Wilcosky Plaintiffs' motion for appointment of KamberLaw as interim class counsel and denies the Adams Plaintiffs' motion.

---

[1]The Court granted Amazon's request to consolidate this case with four related cases, *Flores v. Amazon.com*, 21-cv-04064; *Cooper v. Amazon.com*, 21-cv-04633; *Adams v. Amazon.com*, 21-cv-05858; and *Reid v. Amazon.com*, 21-cv-06010. R. 93. Upon the filing of the amended complaint, the Court will direct the clerk of court to terminate the three related cases.

[2]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

## Statement

The Illinois legislature passed BIPA in 2008 to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g); *see also Liu v. Four Seasons Hotel, Ltd.*, 138 N.E.3d 201, 204 (Ill. App. Ct. 2019). "Biometric identifier" includes, among other things, a voiceprint. 740 ILCS 14/10. "'Biometric information' means any information, regardless of how it is captured, converted, stored, or shared based on an individual's biometric identifier used to identify an individual." *Id.* Biometric information is particularly sensitive because unlike social security numbers, which can be changed if necessary, biometric identifiers cannot be changed. *Id.* § 14/5(c). BIPA provides "robust protections for the biometric information of Illinois residents." *Thornley v. Clearview AI, Inc.*, 2021 WL 128170, at *1 (7th Cir. Jan. 14, 2021).

Section 14/15(a) of BIPA requires private entities that possess biometric information to develop a publicly available written policy that includes a retention schedule and destruction guidelines. Under Section 14/15(b), private entities must (1) inform the individual whose biometric information is being collected, that it is being collected or stored; (2) inform the individual "in writing of the specific purpose and length of term for which [the biometrics are] being collected, stored, and used;" and (3) receive a written release from the person. *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 619 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020).

On June 27, 2019 KamberLaw and Taxman Pollack Murray & Bekkerman, LLC filed the *Wilcosky* action in the Circuit Court of Cook County against Amazon alleging, among other things, that Amazon, through its "Alexa" voice-based virtual assistant, captured, collected, and stored their biometric identifiers (their voiceprints) without their consent and without providing Plaintiffs written disclosures about the collection and storage of their voiceprints, in violation of 740 LCS 14/15(b). R. 1-1, Compl. ¶¶ 70–75. Plaintiffs further allege that Defendants failed to publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers or biometric information as required under 740 ILCS 14/15(a). *Id.* ¶¶ 78–79. Defendants removed the case to the Northern District of Illinois. Since removal, the parties have litigated multiple motions to dismiss, as well as a motion to compel arbitration, and have engaged in jurisdictional discovery. *See* R. 16; R. 19; R. 35; KamberLaw Mot. Appoint at 5.

On June 28, 2021, the Law Offices of David B. Richardson, P.S., Peiffer Wolf, and Siri & Glimstad LLP filed the *Flores* action against Amazon in the Western District of Washington, asserting similar claims against the Defendants. *Flores*, 21-cv-04064, R. 1. After discussion with *Wilcosky* and Amazon's counsel, the parties stipulated to the transfer of venue to the Northern District of Illinois. *Id.*; KamberLaw Mot. Appoint at 5.

On July 8, 2021, Bartimus Frickleton Robertson Rader, P.C.; Goldenberg Heller & Antognoli, P.C.; and Tousley Brain Stephens PLLC filed the *Cooper* action in the Western District of Washington asserting similar claims against Amazon. *Cooper v. Amazon.com*, 21-cv-04633, R. 1. After discussion with *Wilcosky* and Amazon's counsel, the parties stipulated to the transfer of venue to the Northern District of Illinois. *Id.*; KamberLaw Mot. Appoint at 5.

On November 2, 2021, Labaton Sucharow filed the *Adams* action in the Northern District of Illinois also asserting similar claims against Amazon. *Adams*, 21-cv-05858, R. 1. On November 8, 2021, Amazon filed an unopposed motion to relate and re-assign the *Adams* action to this Court, where the *Wilcosky* action was pending. R. 89. The Court granted the motion. R. 93. On November 9, 2021, Lowey Dannenberg, P.C. filed the *Reid* action asserting similar claims in the Northern District of Illinois, *Reid*, 21-cv-06010, R. 1, which was also reassigned to this Court. R. 94, R. 95.

Before the Court are two competing motions for appointment as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g). KamberLaw seeks to be appointed sole Interim Lead Class Counsel or alternatively, co-lead counsel with two other firms, including either Bartimus Frickleton or Peiffer Wolf. KamberLaw Mot. Appoint at 1, 13. On the other hand, Labaton Sucharow and Lowey Dannenberg seek to be appointed co-lead counsel. Labaton Mot. Appoint at 1.

## Legal Standard

Pursuant to Federal Rule 23(g)(3), a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Fed. R. Civ. P. 23(g)(3). Where, as here, there are competing motions to represent a plaintiff class, designation of interim counsel is appropriate. *See Gress v. Commonwealth Edison Co.*, 20-cv-04405 Dkt. 64 (N.D. Ill. Dec. 2, 2020) (citing Advisory Committee Notes to 2003 amendments to Rule 23; 1 *Newberg on Class Actions* § 3:85 (5th Ed.)). Rule 23(g)(3) does not set out a standard for selecting interim counsel, but courts apply the standards of Rule 23(g)(1) when selecting interim counsel. *Moehrl v. Nat'l Ass'n of Realtors*, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020).

The factors courts consider under Rule 23(g)(1) are: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P.

3

23(g)(1)(B). It is within this framework that the Court analyzes the competing motions.

## Analysis

### I. Work of Counsel

The first factor weighs in favor of KamberLaw. As stated above, KamberLaw filed the first putative class action, the *Wilcosky* case, which has been pending for more than two years longer than the *Adams* and *Reid* actions filed by Labaton Sucharow and Lowey Dannenberg, respectively. Notably, Labaton Sucahrow does not claim that the *Adams* or *Reid* complaints differ materially from the *Wilcosky* complaint. *See* Labaton Mot. Appoint. KamberLaw has been involved in this litigation longer than any other firm seeking appointment. Part of that involvement included responding to Amazon's motion to dismiss, as well as a motion to compel arbitration and engaging in jurisdictional discovery. *See* R. 16; R. 19; R. 35; KamberLaw Mot. Appoint at 5. Other courts have considered this factor to weigh strongly in favor of appointment, even when counsel was involved in the case only several months longer than firms competing for appointment. *Walker v. Discover Fin. Servs.*, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011) (appointing firm that filed case three months before competing firm and noting that, "[b]ecause [the first filed firms] have performed such investigative and analytical tasks, they are in 'a better position to represent the class fairly and adequately than [later filed firms] who did not undertake those tasks.'") (quoting Moore's Federal Practice § 23.120[3][a]).

### II. Experience of Counsel

The second factor is neutral, as all three firms are well-credentialed and experienced in class actions and complex litigation. KamberLaw argues that it has the most experience in litigating BIPA voiceprint claims, including a similar case filed in July 2019 in the Circuit Court of Cook County, *Morales v. Google*, 2019 CH 8309. KamberLaw Mot. Appoint at XX. But Labaton Sucharow also has significant experience in litigating complex BIPA class actions as evidenced by its involvement in the *In re: Facebook Biometric Information Privacy Litigation* in the Northern District of California. Labaton Mot. Appoint at 7. However, Michael Aschenbrenner, an attorney with KamberLaw, also served as co-lead class counsel on the *In re: Facebook Biometric Information Privacy Litigation* (Mr. Aschenbrenner was employed by a different firm during that representation). KamberLaw Mot. Appoint at 11 (citing R. 97-1, Aschenbrenner Decl. ¶ 27). Although Lowey Dannenberg does not tout its BIPA experience, it has significant experience in litigating consumer privacy class actions. Labaton Mot. Appoint at 9–13.

### III. Counsel's Knowledge of Law

The third factor is also neutral, because, as discussed above, KamberLaw and Labaton Sucharow both have extensive knowledge of BIPA, and all three firms have extensive knowledge of privacy class actions.

### IV. Resources

The fourth factor, the resources counsel will commit to representing the class, is also neutral. Both firms have the resources to adequately represent the class. *See* KamberLaw Mot. Appoint at 10; Labaton Mot. Appoint at 14–15.

### V. Other Factors

Finally, the Court finds it persuasive that the majority of plaintiffs and firms support the appointment of KamberLaw as lead interim counsel. KamberLaw Mot. Appoint at 12–13. This reflects that KamberLaw has acquired the confidence and trust of its colleagues. This is no small feat.

The Court notes that Labaton Sucharow and Dannenberg propose a diverse leadership structure, including two female partners, and the Labaton Sucharow's Firm Biography discusses its commitment to diversity. Labaton Mot. Appoint at 14; R. 98-1 at 7. The Court appreciates Labaton Sucharow's commitment to diversity, and hopes and expects that appointed lead counsel will endeavor to staff this matter with diverse attorneys.

### Conclusion

For the reasons discussed above, the Court grants the Wilcosky Plaintiffs' motion for appointment of KamberLaw as interim class counsel [97] and denies the Adams Plaintiffs' motion for appointment of Labaton Sucharow and Lowey Dannenberg as interim co-lead counsel [98]. Concurrently with the entry of this Order, the Court enters the Order Appointing KamberLaw as Interim Class Counsel submitted by KamberLaw, which states more specifically the scope of the authority and responsibilities of KamberLaw as interim lead counsel. Plaintiffs, through interim lead counsel, are instructed to file a consolidated amended complaint by 05/23/2022.

Date: May 16, 2022

_____
United States District Judge
Franklin U. Valderrama