IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENNETT WILCOSKY, MICHAEL GUNDERSON, and MICHAEL GUNDERSON as next friend of E.G., a minor, each individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES, INC.,<br><br>Defendants. | No. 19-cv-05061<br>Judge Franklin U. Valderrama |

## **ORDER APPOINTING KAMBERLAW AS INTERIM CLASS COUNSEL**

Upon consideration and review of the Motion By the Majority Plaintiffs For Interim Class Counsel and supporting documents filed by Plaintiffs Bennett Wilcosky, Michael Gunderson, Michael Gunderson as next friend of E.G., a minor, Lucia Flores, Donna Rucker, Jason Stebbins, Sandy White, Julie Bloom Stebbins, Cheri Anne Clarke, Becky White, and Carol Cooper (the "Majority Plaintiffs"), in the above captioned consolidated litigations (the "Matter")[1] and for good cause shown, the Court hereby orders as follows:

Under Fed. R. Civ. P. 23(g)(3), a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Under Rule 23(g)(l) a court considers "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(l)(B).

---

[1] The Court granted Amazon's request to consolidate this case with four related cases, *Flores v. Amazon.com*, 21-cv-04064; *Cooper v. Amazon.com*, 21-cv-04633; *Adams v. Amazon.com*, 21-cv-05858; and *Reid v. Amazon.com*, 21-cv-06010. R. 93. Upon the filing of the amended complaint, the Court will direct the clerk of court to terminate the three related cases.

Upon review and consideration, the Court finds that appointment of KamberLaw, through its attorneys Scott A. Kamber, Deborah Kravitz, and Michael Aschenbrener as Interim Class Counsel under FRCP 23(g) will best serve the interests of the putative class. KamberLaw, has made a significant investment in investigating and prosecuting this litigation, has sufficient resources to vigorously protect the interests of the class in future litigation, and has a background of success as Class Counsel in state and national consumer class actions, and specifically privacy litigation. Furthermore, the motion has the broad support of Plaintiffs' counsel. Because of such support, KamberLaw is best positioned to leverage the resources, energy, and experience of all the counsel of the Majority Plaintiffs' Group. Accordingly:

1. The Motion of the Majority Plaintiffs is granted. KamberLaw, through its attorneys Scott A. Kamber, Deborah Kravitz, and Michael Aschenbrener, are hereby appointed as Interim Class Counsel.

2. This Order shall bind counsel in all consolidated actions, including actions consolidated or which shall be consolidated until and unless ordered by this Court.

3. Interim Class Counsel shall have the authority customary in that role and set forth in The Manual for Complex Litigation (4th Ed.) including:

    a. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically;

    b. Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

    c. Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

    d. Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as they or their designee may deem appropriate) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

    e. Serving as the primary contact for all communications between Plaintiffs and Defendants, and acting as spokespersons for all Plaintiffs vis-à-vis Defendants and the Court;

    f. Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

    g. Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

    h. Receiving and initiating communication with the Court and the Clerk of the Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

    i. Initiating and conducting discussions and negotiations with counsel for Defendants on all matters, including settlement;

    j. Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation;

    k. Initiating, coordinating, and conducting all discovery on Plaintiffs' behalf and ensuring its efficiency;

    l. Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

    m. Encouraging and enforcing efficiency among all Plaintiffs' counsel;

    n. Assessing Plaintiffs' counsel for the costs of the litigation;

    o. Creating such committees as may serve the interests of the class and efficiency in this litigation;

    p. Preparing and distributing periodic status reports to the Court and to the parties as ordered;

    q. Performing such other duties as are necessary in connection with the efficient prosecution of this litigation or as may be further directed by the Court.

4. No pleadings or other papers shall be filed or tasks performed by Plaintiffs' counsel without the advance approval of Interim Class Counsel. No discovery shall be conducted by the Plaintiffs without the advance approval of Interim Class Counsel. This is intended to prevent duplication of pleadings, discovery, or tasks by Plaintiffs' counsel. Unless filing an application for relief from this

Order, all pleadings or other papers filed with the Court on behalf of any Plaintiff shall be filed through Interim Class Counsel.

5. All Plaintiffs' counsel in the Consolidated Actions shall submit to Interim Class Counsel a record of time expended and expenses incurred in the manner, form, and frequency directed by Interim Class Counsel. In the event of a resolution of this matter for which attorneys' fees and costs are appropriate, Interim Class Counsel shall have the responsibility to submit the attorney fee application for all authorized work that may be submitted in this matter, and to allocate such fee consistent with the benefit to the class that may have been conferred by participating counsel.

6. Service of pleadings and other papers by Defendants shall be made upon Interim Class Counsel, who are authorized and directed to accept service on behalf of all counsel in the Consolidated Actions.

IT IS HEREBY ORDERED.

Date: May 16, 2022

United States District Judge
Franklin U. Valderrama