# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL GUNDERSON, JASON STEBBINS, and CHRISTOPHER BLOCK, each individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC. and AMAZON.COM SERVICES, INC., <br><br> Defendants. | Case No. 1:19-cv-05061 <br><br> Honorable Franklin U. Valderrama |

## DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES, LLC'S ANSWER TO SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon"), by and through their attorneys, answer Plaintiffs' Second Consolidated Amended Class Action Complaint ("Second Amended Complaint") as follows:

## NATURE OF THE ACTION

1.     Amazon is a world leader in e-commerce, cloud computing, digital streaming, and artificial intelligence. In 2022, Amazon's net sales exceeded $514 billion globally, with over $315 billion in the United States alone.

**RESPONSE:**  Amazon admits that it is a world leader in e-commerce and offers various services.  Amazon admits that the net sales alleged in Paragraph 1 are generally accurate.

2.     According to James Marcus, an early employee of Amazon who became senior editor of Amazon.com: "It was made clear from the beginning that data collection was also one of Amazon's businesses. All customer behavior that flowed through the site was recorded and tracked. And that itself was a valuable commodity."[1]

---

[1] PBS Frontline, *Amazon Empire: The Rise and Reign of Jeff Bezos* (hereafter "PBS Frontline"), transcript available at https://www.pbs.org/wgbh/frontline/documentary/amazon-empire/transcript/ (last visited June 13, 2023) [hereinafter PBS Frontline].

**RESPONSE:** Amazon admits that Paragraph 2 purports to quote from a PBS Frontline article titled, *Amazon Empire: The Rise and Reign of Jeff Bezos.* Amazon denies that the quoted language accurately reflects the totality of the article and refers the Court to the document for the full contents thereof. Amazon denies the remaining allegations in Paragraph 2.

3. This action seeks redress for Amazon's violations of Illinois' Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), a law that regulates companies that collect, store, and use Illinois citizens' biometric data, such as voiceprints, fingerprints, scans of face geometry, and the information derived therefrom.

**RESPONSE:** Amazon admits that Plaintiffs allege claims under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and that BIPA regulates biometric identifiers and information by, in part, providing a private right of action to persons alleging a violation of BIPA. Amazon denies that it has violated BIPA and denies the remaining allegations in Paragraph 3.

4. Among the many products and services Amazon offers is "Alexa," a virtual assistant that provides voice-based easy access to Amazon's shopping and its plethora of other services.

**RESPONSE:** Amazon admits that it offers a voice-based service called Alexa. Amazon denies the remaining allegations in Paragraph 4.

5. The first Alexa Device[2] was introduced by Amazon in 2014. Alexa gained the ability to identify users[3] by their voice in October 2017 through speaker identification.[4]

**RESPONSE:** Amazon denies the allegations in Paragraph 5.

6. Speaker identification operates in Amazon's Alexa cloud through a powerful artificial intelligence (referred to herein as the "████████████").

---

[2] This Complaint refers to an Alexa Device as hardware manufactured by Amazon that runs Alexa and has the capability of utilizing speaker identification in Amazon's Alexa cloud through the Speaker ID Module.

[3] This complaint refers to Amazon customers who use Alexa as "Alexa users" or "users."

[4] Unless otherwise noted, this complaint describes the operation of Alexa speaker identification in Illinois and excludes those services not available in Illinois.

**RESPONSE:** Amazon denies the allegations in Paragraph 6.

7. █████████████████████████████████████████████████
████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 7.

8. Amazon also uses the ████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 8.

9. The models of the human voice created by the ████████████ are mathematical models that are voiceprints, as the term is commonly used in the science of speaker identification. Voiceprints are specifically identified as biometric identifiers under BIPA. Therefore, the voice models created by the Alexa Speaker ID Module, are subject to BIPA as Biometric Identifiers.

**RESPONSE:** Amazon denies the allegations in Paragraph 9.

10. In its internal documents, Amazon recognizes █████████████████████
█████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 10.

11. Under BIPA, Amazon may not collect, capture, purchase, receive through trade, or otherwise obtain a person's voiceprint unless it first obtained consent within the parameters defined under BIPA at 740 ILCS 14/15(b) ("BIPA Consent"). To comply with the BIPA Consent requirement, before any capture or collection of a voiceprint, Amazon is required to: (1) inform the person in writing that their biometric identifier is being collected or stored; (2) inform the person in writing of the specific purpose and length of term for which their biometric identifier is being collected, stored, and used; (3) receive a written release executed by the subject of the biometric identifier.

**RESPONSE:** Amazon admits that Paragraph 11 purports to summarize certain requirements from BIPA section 15(b) but denies that Paragraph 11 accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 11.

12.    Absent obtaining BIPA Consent, collection of a voiceprint has been unlawful in Illinois since the passage of BIPA in 2008.

**RESPONSE:**  Amazon admits that BIPA was enacted in 2008 and that Paragraph 12 purports to summarize certain requirements of BIPA, but denies that Paragraph 12 accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 12.

13.    Amazon never obtained BIPA Consent from Plaintiffs and Class Members for the initial voiceprint Amazon created as part of Voice ID enrollment. Each Alexa user that had a Voice ID visited a near-identical page at the start of Voice ID enrollment in the Alexa Phone App (the "Welcome Screen"). The Welcome Screen welcomed the Alexa user to the process by which the user could create a profile on their phone to allow Alexa to use a user's voice to personalize their experience.

**RESPONSE:**  Amazon denies the allegations in Paragraph 13.

14.    In fine print at the bottom of the Welcome Screen, there is a hyperlink to the Alexa Terms of Use. If an Alexa user clicks on the hyperlink, they connect to the Alexa Terms of Use in which the operative paragraph has been substantively identical throughout the class period. If they choose to scroll down on their phone to read the whole document, they could find a single inaccurate paragraph—several screens down and not highlighted—that discusses Voice ID. As detailed further herein, neither the process set forth in the programming nor the language of the Alexa Terms of Use comes even close to providing the legally mandated consent required by the Illinois legislature.

**RESPONSE:**  Amazon denies the allegations in Paragraph 14.

15.    Amazon never obtained BIPA Consent from Plaintiffs and Class Members for the subsequent voiceprints Amazon created ███████████████████████ ████████████████████████████████████████████████ ████ This practice is yet another specific example of how Amazon failed to inform users of Voice ID of the "purpose and length of term" for which the voiceprint was collected, stored, and used. Nothing provided to Alexa users who participated in Voice ID put them on notice of anything resembling this process and, to this day, Amazon contends this process is confidential.

**RESPONSE:**  Amazon denies the allegations in Paragraph 15.

16.    Amazon never obtained BIPA Consent from Plaintiffs and Class Members who were not enrolled in Voice ID but were still voiceprinted ███████████████████ ████████████████████ No notice of any sort was ever provided to individuals who were

4

voiceprinted but did not participate in Voice ID and, to this day, Amazon contends the process by which an Alexa user is identified by wake word utterance is confidential.

**RESPONSE:** Amazon denies the allegations in Paragraph 16.

17.     Amazon constructed multiple voiceprints for each of the thousands of Alexa users of Voice ID without obtaining BIPA Consent. Amazon has business records of each time it constructed a voiceprint and with which Alexa user each voiceprint was associated.

**RESPONSE:** Amazon denies the allegations in Paragraph 17.

18.     Amazon also constructed voiceprints for thousands more Illinois residents who never enrolled in Voice ID but ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
While Amazon created these voiceprints without any Alexa users' knowledge, let alone BIPA Consent, it still ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**RESPONSE:** Amazon denies the allegations in Paragraph 18.

19.     Amazon collects voiceprints to sell more products by providing a voice-activated assistant to directly access its shopping site as well as feeding its giant data-collection operation and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in order to ensure its customers continue to spend their money at Amazon.

**RESPONSE:** Amazon denies the allegations in Paragraph 19.

## PARTIES

20.     Plaintiff Michael Gunderson is a natural person and citizen of the State of Illinois. He owns and uses multiple Alexa Devices. In April 2022, another member of his household enrolled in Voice ID. In October 2022, Gunderson enrolled in Voice ID. Amazon collected, captured, purchased, received through trade, or otherwise obtained his voiceprint without BIPA Consent. Amazon used his biometric information to identify him without BIPA Consent.

**RESPONSE:** Amazon admits that Plaintiff Michael Gunderson is a natural person and citizen of the State of Illinois who owns and uses multiple Alexa Devices. Amazon admits that in April 2022, another member of Gunderson's household enrolled in Voice ID. Amazon admits that in October 2022, Gunderson enrolled in Voice ID. Amazon denies the remaining allegations in Paragraph 20.

21.     Plaintiff Jason Stebbins is a natural person and citizen of the State of Illinois. He owns and uses at least one Alexa Device. He enrolled in Voice ID in December 2017. Amazon

collected, captured, purchased, received through trade, or otherwise obtained his voiceprint without BIPA Consent. Amazon used his biometric information to identify him without BIPA Consent.

**RESPONSE:** Amazon admits that Plaintiff Jason Stebbins is a natural person and citizen of the State of Illinois who owns and uses at least one Alexa Device and enrolled in Voice ID in December 2017. Amazon denies the remaining allegations in Paragraph 21.

22.    Plaintiff Julia Bloom Stebbins is a natural person. On at least one occasion, ███ ███████████████████████████████ As a result, Amazon collected, captured, purchased, received through trade, or otherwise obtained her voiceprint without BIPA Consent.

**RESPONSE:** Amazon responds that all claims asserted by Plaintiff Julia Bloom Stebbins in this case have been dismissed pursuant to the Minute Entry dated November 7, 2023 (ECF No. 210). Therefore, no response to Paragraph 22 is required.

23.    Plaintiff Christopher Block is a natural person and citizen of the State of Illinois. He owns and uses at least four Alexa Devices. He enrolled in Voice ID in January 2022. Amazon collected, captured, purchased, received through trade, or otherwise obtained his voiceprint without BIPA Consent. Amazon used his biometric information to identify him without BIPA Consent.

**RESPONSE:** Amazon admits that Plaintiff Christopher Block is a natural person and citizen of the State of Illinois who owns and uses at least four Alexa Devices. Amazon admits that Block enrolled in Voice ID in January 2022. Amazon denies the remaining allegations in Paragraph 23.

24.    Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business located in the State of Washington.

**RESPONSE:** Amazon admits the allegations in Paragraph 24.

25.    Defendant Amazon.com Services, LLC is a Delaware limited liability company with its principal place of business located in the State of Washington.

**RESPONSE:** Amazon admits the allegations in Paragraph 25.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). Because Plaintiffs, who are each members of the Class, and Defendants are citizens of different states, there is minimal diversity. The total claims of Class Members exceed $5,000,000 exclusive of interest and costs. There are at least 100 Class Members.

**RESPONSE:**  Amazon admits that Plaintiffs purport to bring a class action and that

jurisdiction is proper in this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

Amazon denies the remaining allegations in Paragraph 26.

27.     This Court has personal jurisdiction over Defendants because Defendants purposefully direct their activities at residents of Illinois and the litigation arises out of or relates to those activities.

**RESPONSE:**  Amazon admits that this Court has personal jurisdiction over Defendants.

Amazon denies the remaining allegations in Paragraph 27.

28.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district or because it is a judicial district in which Defendants are subject to the Court's personal jurisdiction with respect to such action.

**RESPONSE:**  Amazon admits that venue is proper in this District.  Amazon denies the

remaining allegations in Paragraph 28.

29.     Plaintiffs spoke commands to Amazon Alexa devices in Illinois, and had their voiceprints captured by Amazon in Illinois.

**RESPONSE:**  Amazon denies the allegations in Paragraph 29.

30.     In addition, Amazon operates many stores in Illinois, including five locations in the Loop/River North areas of Chicago—walking distance from this Courthouse.

**RESPONSE:**  Amazon denies the allegations in Paragraph 30.

## COMMON FACTUAL ALLEGATIONS

31.     The Illinois General Assembly enacted the Biometric Information Privacy Act, 740 ILCS 14/*et seq*. ("BIPA") in 2008 to establish standards of conduct for private entities that collect or possess biometric identifiers and biometric information.

**RESPONSE:** Amazon admits that BIPA was enacted in 2008 and regulates biometric identifiers and information by, in part, providing a private right of action to persons alleging a violation of BIPA. Amazon denies the remaining allegations in Paragraph 31.

32. The Illinois General Assembly noted that BIPA was carefully crafted to protect biometric data because "unlike other unique identifiers that are used to access finances or other sensitive information," one's own biometric data cannot be changed; "[t]herefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." 740 ILCS 14/5.

**RESPONSE:** Amazon admits that Paragraph 32 quotes portions of BIPA section 14 but denies that the quoted language accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 32.

33. The legislative findings also acknowledge that "[t]he full ramifications of biometric technology are not fully known." *Id.* § 14/5(f). Accordingly, the General Assembly found that "[t]he public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* § 14/5(g).

**RESPONSE:** Amazon admits that Paragraph 33 quotes portions of BIPA section 14 but denies that the quoted language accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 33.

34. Similarly, the Seventh Circuit has found that biometric data is "meaningfully different" from other personal information, such as addresses, dates of birth, telephone numbers, and credit card and social security numbers, because of the "inherent sensitivity of biometric data," which is "immutable, and once compromised, [is] compromised forever—as the legislative findings in BIPA reflect." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1155 (7th Cir. 2020).

**RESPONSE:** Amazon admits that Paragraph 34 purports to quote portions of *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146 (7th Cir. 2020) but denies that the quoted language

accurately reflects the totality of the *Fox* decision and refers the Court to the *Fox* decision for the

full contents thereof.  Amazon denies the remaining allegations in Paragraph 34.

35.     BIPA makes it unlawful for any private entity to, *inter alia*, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information.

**RESPONSE:**  Amazon denies the allegations in Paragraph 35.

36.     By its express terms, "biometric identifiers" covered by BIPA include fingerprints, voiceprints, retina or iris scans, and scans of human or face geometry. 740 ILCS 14/10.

**RESPONSE:**  Amazon admits that Paragraph 36 purports to refer to the definition of

"biometric identifier" in BIPA section 14 but denies that the referenced portion accurately reflects

the totality of the statute and refers the Court to the statute for the full contents thereof.  Amazon

denies the remaining allegations in Paragraph 36.

37.     "Biometric information" covered by BIPA includes "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.*

**RESPONSE:**  Amazon admits that Paragraph 37 purports to refer to the definition of

"biometric information" in BIPA section 14 but denies that the referenced portion accurately

reflects the totality of the statute and refers the Court to the statute for the full contents thereof.

Amazon denies the remaining allegations in Paragraph 37.

38.     BIPA Consent prohibits a private entity from the collection, capture or purchase of biometric identifiers or biometric information unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

**RESPONSE:**  Amazon admits that Paragraph 38 quotes from BIPA section 15(b) but

denies that the quoted language accurately reflects the totality of the statute and refers the Court

to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 38.

39.     BIPA also provides that "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

**RESPONSE:**  Amazon admits that Paragraph 39 quotes from BIPA section 15(c) but denies that the quoted language accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 39.

40.     BIPA provides for a private right of action: "Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party." 740 ILCS 14/20.

**RESPONSE:**  Amazon admits that Paragraph 40 quotes from BIPA section 20 but denies that the quoted language accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 40.

41.     The Illinois Supreme Court has explained that a person whose biometric identifiers are the subject of violations of section 15 of BIPA is "aggrieved" by the entity's failure to comply with BIPA and is "entitled to seek recovery" under Section 14/20. *Rosenbach v. Six Flags Entm't Corp*, 2019 IL 123186, ¶ 33 ("[W]hen a private entity fails to comply with one of section 15's requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach. Consistent with the authority cited above, such a person or customer would clearly be 'aggrieved' within the meaning of section 20 of the Act (*id.* § 20) and entitled to seek recovery under that provision. No additional consequences need be pleaded or proved. The violation, in itself, is sufficient to support the individual's or customer's statutory cause of action.").

**RESPONSE:**  Amazon admits that Paragraph 41 purports to quote portions of *Rosenbach v. Six Flags Entm't Corp*, 2019 IL 123186 but denies that the quoted language accurately reflects the totality of the *Rosenbach* decision and refers the Court to the *Rosenbach* decision for the full contents thereof. Amazon denies the remaining allegations in Paragraph 41.

42.     Under BIPA, "[a] prevailing party may recover for each violation: (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater; (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater; (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and (4) other relief, including an injunction, as the State or federal court may deem appropriate." *Id.* (emphasis added).

**RESPONSE:**  Amazon admits that Paragraph 42 quotes from BIPA section 20 but denies that the quoted language accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof.  Amazon denies the remaining allegations in Paragraph 42.

43.     A voiceprint represents core characteristics of an individual's speech created by physical aspects of the individual's speech-creation physiology and can still distinguish people as they age. A voiceprint is biometric. A voiceprint is a biometric identifier under BIPA. A voiceprint encoded by a computer process corresponds to a mathematical representation of an individual's voice.

**RESPONSE:**  Amazon denies the allegations in Paragraph 43.

44.     At issue in this Complaint is voiceprint technology involving a voice-controlled electronic device connected to the internet that captures an utterance[5] for processing in the cloud. An Alexa Device is such a device.

**RESPONSE:**  Amazon denies the allegations in Paragraph 44.

45.     An utterance spoken to an active voice-controlled device is captured by that device. The device captures the utterance and converts the acoustic signals of the utterance into digital audio data. This digital audio data is an electronic recording of an individual's voice.

**RESPONSE:**  Amazon denies the allegations in Paragraph 45.

46.     The digital audio data is sent by the device to the cloud, usually a computer network specifically built to receive and process data sent by a particular brand of device, such as the Alexa cloud receiving data from an Amazon Echo.

**RESPONSE:**  Amazon denies the allegations in Paragraph 46.

47.     Once it arrives in the cloud, the digital audio data may be stored, processed for automatic speech recognition ("ASR"), or processed for speaker identification, or both. For the purpose of explaining voiceprint technology, only processing for speaker identification is applicable.

---

[5] Whenever an individual speaks a word or phrase it is referred to herein as an "utterance."

**RESPONSE:** Amazon denies the allegations in Paragraph 47.

48.    For any purpose associated with speaker identification, the incoming digital audio data is input into a neural network (a form of artificial intelligence or "AI"), that was created to extract numerical features that distinguish voices in general and trained using large data sets of speech distinguished by speaker. These data sets may consist of live and/or stored data from users In the case of Amazon Alexa, the digital audio file is ██████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 48.

49.    Upon the digital audio data being input into the ██████████████, voice features relevant to speaker identification are extracted using a neural network trained to express distinguishing characteristics of voices. Examples of the voice data extracted for the individual includes frequency pattern/range, intonation, pitch, accent, or style of speech, possibly for specific phonemes, such as those in a wake word. Then, those extracted features are output into an encoded feature vector by the encoder. The encoded feature vector is a string of floating-point numbers. This encoded feature vector, sometimes referred to as a "voice vector" or "voice model," is the voiceprint itself.

**RESPONSE:** Amazon denies the allegations in Paragraph 49.

50.    Sometimes, a voiceprint is output by the ██████████████ during a process called "████████." In the context of voice identification, ██████████ is the process used to build and store a voiceprint from a prior collection of utterances. These utterances may be collected during the enrollment process or at some other time. ███████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 50.

51.    Sometimes a voiceprint is output ██████████████████ during a process called "██████." In the context of voice identification, █████████ is the process used to ███████████████████████████████████████████████
██████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 51.

52.    When the ████████████████████████████████████
████████████████████ using a mathematical measure of similarity that exceeds a certain threshold level, the speaker is identified by the ████████████████████
█████ and processed accordingly. ████████████████████████████
████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 52.

53.     Amazon Alexa ("Alexa") is a virtual assistant technology that was initially developed to run on Amazon-branded voice-activated devices ("Alexa Devices"). Amazon introduced Alexa as part of its Fire operating system along with its first Alexa Device in November 2014.

**RESPONSE:** Amazon admits that Alexa is a voice-based service that launched in 2014.

Amazon denies the remaining allegations in Paragraph 53.

54.     The underlying technology that makes Alexa execute voice commands from a user is known as Automatic Speech Recognition ("ASR"). According to Amazon:

> ASR is technology that converts spoken words into text. In short, it's the first step in enabling voice technologies like Amazon Alexa to respond when we ask, "Alexa, what's it like outside?" With ASR, voice technology can detect spoken sounds and recognize them as words. ASR is the cornerstone of the entire voice experience, allowing computers to finally understand us through our most natural form of communication: speech.

**RESPONSE:** Amazon denies the allegations in Paragraph 54.

55.     Since its introduction, Amazon has sold over 500 million Alexa Devices and Alexa has become a critical gateway for Amazon to sell products and services.

**RESPONSE:** Amazon denies the allegations in Paragraph 55.

56.     The different functions that Alexa can perform are known as "Skills." Alexa Skills are offered by Amazon, as well as third party developers. Today, there are thousands of Alexa third-party developers that have built over 100,000 skills for Alexa.

**RESPONSE:** Amazon denies the allegations in Paragraph 56.

57.     In 2015, Amazon introduced the Amazon Alexa App for smart phones such as those phones that run on iOS or Android. In the App, users may, among other things, activate Skills and edit their preferences.

**RESPONSE:** Amazon admits that users may activate Skills and edit their preferences in the Alexa App. Amazon denies the remaining allegations in Paragraph 57.

58.     Today, Amazon has more than 10,000 employees working on Alexa and Alexa-related products.

**RESPONSE:** Amazon denies the allegations in Paragraph 58.

59.     When Amazon introduced Alexa, it knew that the ability to identify users by voice was going to be integral to Amazon's full exploitation of Alexa's potential. ███████████████ ███████████████████████████████████

**RESPONSE:**  Amazon denies the allegations in Paragraph 59.

60.     ████████████████Amazon introduced Voice ID[6] on October 17, 2017. Since the time of its introduction, Voice ID has been substantially the same in both the way it created voiceprints and in its failure to obtain BIPA Consent.

**RESPONSE:**  Amazon denies the allegations in Paragraph 60.

61.     Voice ID works by capturing and storing mathematical models of a user's voice.  Amazon acknowledges ████████████████████████████████████████ As such, the models created by the Speaker ID Module are voiceprints. In the Alexa system, an ██████████████████████████████████████████████████

**RESPONSE:**  Amazon denies the allegations in Paragraph 61.

62.     Upon initial setup, each Alexa Device is associated with the Amazon account, also known as the ████████████ for the household that set up the Alexa Device.

**RESPONSE:**  Amazon denies the allegations in Paragraph 62.

63.     An utterance spoken to an Alexa Device is captured by that device. The Alexa Device captures the utterance and converts the acoustic signals of the utterance into digital audio data. This digital audio data is an electronic recording of an individual's voice.

**RESPONSE:**  Amazon denies the allegations in Paragraph 63.

64.     The digital audio data is sent by the Alexa Device to the Alexa cloud, which is the computer network built to receive and process data sent by Alexa Devices.

**RESPONSE:**  Amazon denies the allegations in Paragraph 64.

65.     Once it arrives in the Alexa cloud, the digital audio data is stored, processed for ASR, or processed for speaker identification by the ████████████████ or both.

**RESPONSE:**  Amazon denies the allegations in Paragraph 65.

---

[6] ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████

66.

uses advanced artificial
intelligence in the form of a neural network to identify the speaker through the following
voiceprinting methodology.

**RESPONSE:** Amazon denies the allegations in Paragraph 66.

67.

**RESPONSE:** Amazon denies the allegations in Paragraph 67.

68.

**RESPONSE:** Amazon denies the allegations in Paragraph 68.

69.

**RESPONSE:** Amazon denies the allegations in Paragraph 69.

70.

**RESPONSE:** Amazon denies the allegations in Paragraph 70.

71.

**RESPONSE:** Amazon denies the allegations in Paragraph 71.

72. ██████████████████████████████████████████████████
████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 72.

73. ██████████████████████████████████████████████████
████████████████████████████████████████████

**RESPONSE:** ████████████████████████████████████████
████████████████████████████████████████████████████

Amazon denies the remaining allegations in Paragraph 73.

74. ██████████████████████████████████████████████████
████████████████████

**RESPONSE:** ████████████████████████████████████████
████████████ Amazon denies the remaining allegations in Paragraph 74.

75. The in-App enrollment collects and stores utterances of the user in the Alexa Cloud from which ██████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 75.

---

[7] Initially, Alexa required 10 utterances during the enrollment process. ████████ that number was reduced to four during 2018. The number of enrollment utterances is not relevant to the process described nor the claims of this action.

76. █████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 76.

77.     Throughout the Class Period, the enrollment for Illinois users for Voice ID has been substantially the same. Illinois enrollment has always been done in the Alexa App, which is only available on a user's smart phone. Thus, the screens for the enrollment process have always been the size of a user's phone screen. Neither the screens nor the documents referenced by hyperlink could be printed except by screenshot.

**RESPONSE:** Amazon admits that enrollment for Illinois users for Voice ID has always

been done in the Alexa App.  Amazon denies the remaining allegations in Paragraph 77.

78.     The first screen seen by the user after starting Voice ID enrollment is the Welcome Screen where the user is welcomed to set up Voice ID. As an example of the Welcome Screen, a screen shot of the Welcome Screen used for Q1 and Q2 of 2023 is attached here as Exhibit A. The size of this screenshot included as Exhibit A is the same size as the screen of a standard iPhone with a 6.1" diagonal screen. The Welcome Screen is the only screen on which Amazon claims information is provided to the user regarding Voice ID prior to the voiceprint being created and the only screen that arguably seeks the consent of the user. The only information about Voice ID presented to the user is provided in the body of the text on this screen or in the substantially smaller font near the bottom of the screen that includes a hyperlink to the Alexa Terms of Use and another hyperlink to "learn more." The dark background of Exhibit A is chosen by Amazon when designing the GUI for the enrollment screens.

**RESPONSE:** Amazon admits that Exhibit A to the Second Amended Complaint shows a

screenshot of the Alexa Voice ID Enrollment Welcome Screen for Q1 2023 but denies that

Paragraph 78 accurately reflects the totality of the document and refers the Court to the document

for the full contents thereof.  Amazon denies the remaining allegations in Paragraph 78.

79.     Amazon made the decision to not require the user to click the hyperlink to review the terms of service before continuing with the Voice ID enrollment and programmed the GUI accordingly.

**RESPONSE:** Amazon denies the allegations in Paragraph 79.

80.     If a user clicks on the hyperlink for the Alexa Terms of Use, the user is taken to the Terms of Use as sized for a phone screen and delivered as one continuous page that a user can scroll down to view. Amazon made the decision to not require the user to scroll to the

bottom of the Alexa Terms of se before continuing with the Voice ID enrollment and programmed the GUI accordingly.

**RESPONSE:** Amazon admits that the Alexa Terms of Use are available to users by hyperlink on the Alexa Voice ID Enrollment Welcome Screen for Q1 2023. Amazon denies the remaining allegations in Paragraph 80.

81.     There is only a single paragraph in the Alexa Terms of Use related to Voice ID and it requires a user to scroll down to see it on their screen. The paragraph, usually paragraph 1.4, is in the same font and size as every other provision and is not highlighted in any way. It is feasible for ████████████████████████████████████████ but Amazon chooses not to do so. A screenshot, in the size of an iPhone with a 6.1" diagonal screen, of the Alexa Terms of Use is attached hereto as Exhibit B.

**RESPONSE:** Amazon admits that Exhibit B to the Second Amended Complaint shows screenshots of the Alexa Terms of Use Last Updated December 10, 2021 but denies that Paragraph 81 accurately reflects the totality of Exhibit B and refers the Court to the document for the full contents thereof. Amazon denies the remaining allegations in Paragraph 81.

82.     Upon information and belief, Amazon chooses not to include wording or design options that would provide Illinois users compliant BIPA Consent because ██████████ ████████████████████████████████████████████████ ██████████

**RESPONSE:** Amazon denies the allegations in Paragraph 82.

83.     The way Amazon seeks consent does not satisfy the "written release" / "informed written consent" component of BIPA Consent.

**RESPONSE:** Amazon denies the allegations in Paragraph 83.

84.     The language of the screenshot of the Voice ID paragraph shown in ¶ 1.4 of Exhibit B, has been identified with an arrow in the margin of Exhibit B that was inserted by plaintiffs' counsel, and reads as follows:

> **1.4 Voice ID**. You can create a voice ID so Alexa can call you by name and do more to personalize your experience. When you create a voice ID, Alexa uses recordings of your voice to create an acoustic model of your voice characteristics and to update that model over time to improve Alexa's ability to recognize you. If Alexa recognizes your voice when you are using a third-party skill, that skill may receive a numeric identifier that allows it to distinguish you from other users

in your household to better personalize your experience. You can delete your voice ID or turn off personalization of third-party skills based on voice ID. Learn more about voice ID.

**RESPONSE:** Amazon admits that Paragraph 84 purports to quote language contained in Exhibit B to the Second Amended Complaint but denies that the quoted language accurately reflects the totality of the document and refers the Court to the document for the full contents thereof. Amazon denies the remaining allegations in Paragraph 84.

85. The language relating to Voice ID in the Alexa Terms of Use was in no way tailored to Illinois users, is not an effective waiver of a statutory right, and does not satisfy the express requirements for BIPA Consent.

   A. It fails to inform the user that a biometric identifier or biometric information is being collected. Not only is the language not accurate, but a reasonable consumer would also not understand that the acoustic model Amazon is describing is either a biometric or a voiceprint.

   B. It fails to inform the user of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used. For example, it does not disclose its use of the voiceprint ███████████ ████████████ nor does it disclose in any way the specific purpose for which Amazon is collecting the biometric, nor how it may be used in ██████████████████████ ████████████████████████████████████████████ In fact, as discussed in detail below, ████████ ████████████████████████████████████████████████

   C. BIPA Consent requires a "written release executed by the subject of the biometric identifier or biometric information". BIPA defines written release to mean "informed written consent". While BIPA requires informed written consent executed by the user, the Amazon process was wholly inconsistent with a process calculated to obtain "informed written consent", and nothing in the process satisfies the requirement that such consent be "executed" by the user. The Amazon process for Alexa enrollment failed to meet the established bare minimum industry norms, safeguards, or requirements for an electronically executed consent, let alone BIPA Consent.

**RESPONSE:** Amazon denies the allegations in Paragraph 85 and Sub-Paragraphs 85A-C.

86. If a user clicks on the Welcome Screen hyperlink labeled "Learn more," the user would be taken to Alexa and Alexa Device FAQs (the "Alexa FAQs" or "FAQs") as sized for a phone screen and delivered as one continuous page that a user could scroll down to view. Amazon made the decision to not require the user to scroll to the bottom of the FAQs or even click on the FAQs at all before continuing with the Voice ID enrollment and programmed the GUI accordingly.

**RESPONSE:** Amazon admits that the Alexa and Alexa Device FAQs are available to users by hyperlink on the Alexa Voice ID Enrollment Welcome Screen. Amazon denies the remaining allegations in Paragraph 86.

87. The Alexa FAQs are dozens of phone screens long with only a single paragraph in the middle entitled "How does Voice ID Work" pertaining to Voice ID. The paragraph, usually paragraph 20, is in the same font and size as every other provision and is not highlighted in any way. It is feasible for Amazon to tailor the Alexa FAQs or the Voice ID paragraph in the FAQs for Illinois residents to adequately advise them of their statutory rights under BIPA, but Amazon chooses not to do so. A screenshot, in the size of an iPhone with a 6.1" diagonal screen, of the entire Alexa FAQs is attached hereto as Exhibit C.

**RESPONSE:** Amazon admits that Exhibit C to the Second Amended Complaint shows screenshots of Alexa and Alexa Device FAQs but denies that Paragraph 87 accurately reflects the totality of Exhibit C and refers the Court to the document for the full contents thereof. Amazon denies the remaining allegations in Paragraph 87.

88. Amazon chooses not to have the hyperlink on the Welcome Screen link directly to the operative Voice ID paragraph, which it could easily do. Instead, Amazon chooses to have its users attempt to "learn more" about Voice ID by scrolling through 57 pages of the Alexa FAQs, when all paragraphs but one on one page are entirely irrelevant to the subject of the Voice ID. Notably, the FAQs start with a table of contents that does not mention Voice ID.

**RESPONSE:** Amazon denies the allegations in Paragraph 88.

89. The language of the Alexa FAQs cannot be part of the consent flow under BIPA because one cannot reasonably expect a user to click and search through dozens of phone-sized pages to find a single paragraph. This becomes even more obvious upon a review of Exhibit C.

**RESPONSE:** Amazon denies the allegations in Paragraph 89.

90. The language of the screenshot of the "How Does voice ID work" (sic) paragraph shown in Exhibit C, has been identified with an arrow in the margin of Exhibit C that was inserted by plaintiffs' counsel, and reads as follows is as follows:

**20. How Does voice ID work?**
You can create a voice ID so Alexa can call you by name and do more to personalize your experience. When you create a voice ID, Alexa uses recordings of your voice to create an acoustic model of your voice

characteristics and to update that model over time to improve Alexa's ability to recognize you. Alexa stores these acoustic models in the cloud. If your voice ID is not recognized for 18 months, we will automatically delete the acoustic model for your voice. If Alexa recognizes your voice when you are using a third-party skill, that skill may receive a numeric identifier that allows it to distinguish you from other users in your household to better personalize your experience. You can delete your voice ID or turn off personalization of third-party skills based on voice ID in the Alexa app. Deleting your voice ID will also delete the voice recordings you said to teach Alexa when you created your voice ID. You can also review voice recordings attributed to a particular voice ID, and delete those voice recordings, by visiting **Settings > Alexa Privacy** in the Alexa app and Echo Show devices or https://www.amazon.com/alexaprivacysettings.

**RESPONSE:** Amazon admits that Paragraph 90 quotes language from Exhibit C to the Second Amended Complaint but denies that Paragraph 90 accurately describes the totality of the document and refers the Court to the document for the full contents thereof. Amazon denies the remaining allegations in Paragraph 90.

91. Much of the of the above-quoted Alexa FAQ language is identical to the Alexa Terms of Use. In fact, the only substantive difference is the additional detail provided regarding retention and deletion. While such language is required in BIPA Consent, Amazon chooses to make that language less accessible by burying it in the FAQs. The Alexa FAQs in no way correct the defective consent process and language of the Alexa Terms of Use discussed above. Like the Alexa Terms of Use, Amazon does not tailor the language relating to Voice ID in the Alexa FAQ to Illinois users, it is not an effective waiver of a statutory right, and the language used does not satisfy the express requirements for BIPA Consent.

**RESPONSE:** Amazon denies the allegations in Paragraph 91.

92. Amazon intentionally uses language in the Alexa Terms of Use and FAQs to obfuscate how Voice ID works and programs its Alexa App and its GUI to discourage users from reading those terms. The language in the Alexa Terms of Use and the Alexa FAQ fail to accurately describe Voice ID and the voiceprints and biometric information collected and stored, and therefore fails to satisfy the BIPA Consent requirement.

**RESPONSE:** Amazon denies the allegations in Paragraph 92.

93. For other business purposes not related to Alexa, Amazon and/or its subsidiaries use a disclosure tailored to Illinois that specifically uses the word "biometric" and references BIPA itself when it seeks BIPA Consent for service that involve voiceprints or other biometric identifiers. Upon information and belief, Amazon chooses to not make the same BIPA Consent compliant disclosures with Alexa Voice ID because ████████████████████ in the enrollment

process and Alexa would not be able to ███████████████████████████ for Alexa and the Amazon services linked to Alexa.

**RESPONSE:** Amazon denies the allegations in Paragraph 93.

94. ████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 94.

95. ████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 95.

96. ████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 96.

97. ████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 97.

98. ████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 98.

99. ████████████████████████████████████████████████

**RESPONSE:**  Amazon denies the allegations in Paragraph 99.

100.  ████████████████████████████████████████████
██████████████████████████████████████████████

**RESPONSE:**  Amazon denies the allegations in Paragraph 100.

101.  ████████████████████████████████████████████
██████████████████████████████████████████████

**RESPONSE:**  Amazon denies the allegations in Paragraph 101.

102.  ████████████████████████████████████████████
██████████████████████████████

**RESPONSE:**  Amazon denies the allegations in Paragraph 102.

103.    Alexa users do not understand how Voice ID is used because they are not accurately informed of the specific purpose of the voiceprinting at the time of enrollment, or even that they are being voiceprinted.

**RESPONSE:**  Amazon denies the allegations in Paragraph 103.

104.  ████████████████████████████████████████████
████████

**RESPONSE:**  Amazon denies the allegations in Paragraph 104.

105.  ████████████████████████████████████████████
████

**RESPONSE:**  Amazon denies the allegations in Paragraph 105.

106.    Nevertheless, ███████████████████████████
██████████████████████████████████████████████
████

**RESPONSE:** Amazon denies the allegations in Paragraph 106.

107. ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 107.

108. ████████████████████████████████████████████████
███████████████████

**RESPONSE:** ████████████████████████████████████████

Amazon denies the remaining allegations in Paragraph 108.

109. ████████████████████████████████████████████████
████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 109.

110. ████████████████████████████████████████████████
████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 110.

111. ████████████████████████████████████████████████
████████████████████████████████████████████████████
███████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 111.

112. ████████████████████████████████████████████████
███████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 112.

113. ████████████████████████████████████████████████

[BLACK REDACTION]

**RESPONSE:**  Amazon denies the allegations in Paragraph 113.

114.  [BLACK REDACTION]

**RESPONSE:**  Amazon denies the allegations in Paragraph 114.

115.  [BLACK REDACTION]

**RESPONSE:**  Amazon denies the allegations in Paragraph 115.

116.  [BLACK REDACTION]

**RESPONSE:**  Amazon denies the allegations in Paragraph 116.

117.  [BLACK REDACTION]

**RESPONSE:**  Amazon denies the allegations in Paragraph 117.

118.  [BLACK REDACTION]

**RESPONSE:**  Amazon denies the allegations in Paragraph 118.

119.

**RESPONSE:** Amazon denies the allegations in Paragraph 119.

120.

**RESPONSE:** Amazon denies the allegations in Paragraph 120.

121.

**RESPONSE:** Amazon denies the allegations in Paragraph 121.

122.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 122.

123.

**RESPONSE:** Amazon denies the allegations in Paragraph 123.

124.

**RESPONSE:** Amazon denies the allegations in Paragraph 124.

125.

**RESPONSE:** Amazon denies the allegations in Paragraph 125.

126.

**RESPONSE:** Amazon denies the allegations in Paragraph 126.

127.

**RESPONSE:** Amazon denies the allegations in Paragraph 127.

128.

**RESPONSE:** Amazon denies the allegations with respect to the first sentence of Paragraph 128. Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 128.

## PLAINTIFFS' EXPERIENCES

### Plaintiff Christopher Block

129. Plaintiff Christopher Block owns four Alexa Devices that are attached to his Amazon account. Since the Class Period commenced in October 2017, Block

**RESPONSE:** Amazon admits the allegation in Paragraph 129 that Plaintiff Christopher Block owns multiple Alexa Devices that are attached to his Amazon account but denies that Block

owns only four such devices, as Amazon believes that the number of such devices is higher. Amazon admits the remaining allegations in Paragraph 129.

130.    According to Block's Alexa App, on or about January 13, 2022, Block enrolled in Voice ID in Illinois using the Alexa App. Upon doing so, Amazon collected, captured, received through trade, or otherwise obtained, and stored Block's voiceprint. When enrolling in Voice ID, Amazon did not obtain BIPA Consent from Block.

**RESPONSE:**  Amazon admits that on or about January 13, 2022, Plaintiff Christopher Block enrolled in Voice ID in Illinois using the Alexa App.   Amazon denies the remaining allegations in Paragraph 130.

131.    

**RESPONSE:**  Amazon denies the allegations in Paragraph 131.

132.    Amazon did not obtain BIPA Consent from Block to identify him using Biometric Information.

**RESPONSE:**  Amazon denies the allegations in Paragraph 132.

133.    During none of these interactions did Amazon obtain BIPA Consent from Block.

**RESPONSE:**   Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 133.  Amazon denies the remaining allegations in Paragraph 133.

134.

[REDACTED]

**RESPONSE:** Amazon denies the allegations in Paragraph 134.

**Plaintiff Michael Gunderson**

135.     Plaintiff Michael Gunderson owns multiple Alexa Devices that are attached to his Amazon account. Since the Class Period commenced in October 2017, [REDACTED].

**RESPONSE:** Amazon admits the allegations in Paragraph 135.

136.     According to Gunderson's Alexa App, on or about October 25, 2022, Gunderson enrolled in Voice ID in Illinois using the Alexa App. Upon doing so, Amazon collected, captured, received through trade, or otherwise obtained, and stored Gunderson's voiceprint. When enrolling in Voice ID, Amazon did not obtain BIPA Consent from Gunderson.

**RESPONSE:** Amazon admits that on or about October 25, 2022, Plaintiff Michael Gunderson enrolled in Voice ID in Illinois using the Alexa App. Amazon denies the remaining allegations in Paragraph 136.

137.     [REDACTED] Amazon did not obtain BIPA Consent from Gunderson to create biometric information.

**RESPONSE:** Amazon denies the allegations in Paragraph 137.

138.     [REDACTED] Amazon did not obtain BIPA Consent from Gunderson to identify him using Biometric Information.

**RESPONSE:** Amazon denies the allegations in Paragraph 138.

139.     According to Amazon's records, on or about April 29, 2022, E.G., a minor child of Gunderson, enrolled in Voice ID in Illinois using the Alexa App.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 139.

140. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 140. Amazon denies the remaining allegations in Paragraph 140.

141. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ During none of these interactions did Amazon obtain BIPA Consent from Gunderson.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 141. Amazon denies the remaining allegations in Paragraph 141.

142. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 142.

**Plaintiff Jason Stebbins**

143.   Plaintiff Jason Stebbins owns at least one Alexa Device that is attached to his Amazon account. Since the Class Period commenced in October 2017, Jason Stebbins ████████████████████████████████████████████████████████████████████████

**RESPONSE:** Amazon admits the allegations in Paragraph 143.

144.   According to Jason Stebbins' Alexa App, on or about December 30, 2017, Gunderson enrolled in Voice ID in Illinois using the Alexa App. Upon doing so, Amazon collected, captured, received through trade, or otherwise obtained, and stored Jason Stebbins' voiceprint. When enrolling in Voice ID, Amazon did not obtain BIPA Consent from Jason Stebbins.

**RESPONSE:** Amazon admits that on or about December 30, 2017, Plaintiff Jason Stebbins enrolled in Voice ID in Illinois using the Alexa App. Amazon denies the remaining allegations in Paragraph 144.

145. 

**RESPONSE:** Amazon denies the allegations in Paragraph 145.

146. Amazon did not obtain BIPA Consent from Jason Stebbins to identify him using Biometric Information.

**RESPONSE:** Amazon denies the allegations in Paragraph 146.

147. During none of these interactions did Amazon obtain BIPA Consent from Jason Stebbins.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in the first sentence of Paragraph 147. Amazon denies the remaining allegations in Paragraph 147.

148. 

**RESPONSE:** Amazon denies the allegations in Paragraph 148.

**Plaintiff Julia Bloom Stebbins**

149. Plaintiff Julia Bloom Stebbins has not, and never has been, a purchaser of any Alexa device. Bloom Stebbins has never set up an Alexa account or downloaded the Alexa application.

**RESPONSE:** Amazon responds that all claims asserted by Plaintiff Julia Bloom Stebbins

in this case have been dismissed pursuant to the Minute Entry dated November 7, 2023 (ECF No.

210). Therefore, no response to Paragraph 149 is required.

150. Bloom Stebbins never enrolled in the Voice ID program and therefore never went through the Alexa App enrollment process.

**RESPONSE:** Amazon denies the allegations in Paragraph 150.

151. On at least one occasion during the Class Period—including prior to filing her original complaint in this case—Bloom Stebbins █████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████ During none of these interactions did Amazon obtain BIPA Consent from Bloom Stebbins.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief

regarding the truth of the allegations in the first sentence of Paragraph 151. Amazon denies the

remaining allegations in Paragraph 151.

## CLASS ACTION ALLEGATIONS

152. Plaintiffs bring this class action on behalf of themselves and all others similarly situated, as representative of the following class:

> All natural persons in Illinois for whom Amazon created a voiceprint on
> or after June 27, 2014.

**RESPONSE:** Amazon admits that Paragraph 152 purports to define a class and that

Plaintiffs seek class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure but

denies that any class can be certified. Amazon denies the remaining allegations in Paragraph 152.

153. Excluded from the Class is any Defendant, its parents, subsidiaries, affiliates, predecessors, successors, officers, directors, and the immediate family members of such persons. Also excluded are any trial judge who may preside over this action, court personnel and their family members and any juror assigned to this action.

**RESPONSE:** Amazon admits that Paragraph 153 purports to exclude certain persons from the putative class, but denies that any class can be certified. Amazon denies the remaining allegations in Paragraph 153.

154. Plaintiffs are each members of the Class they seek to represent.

**RESPONSE:** Amazon denies the allegations in Paragraph 154.

155. Plaintiffs reserve the right to amend or modify the Class definitions with greater specificity or divde the class into subclassses after having had an opportunity to complete discovery.

**RESPONSE:** Amazon admits Paragraph 155 purports to reserve rights to amend or modify the putative class but denies that any class can be certified. Amazon denies the remaining allegations in Paragraph 155.

156. The Class Period is that period within the statute of limitations for this action and extending until a Class is certified herein.

**RESPONSE:** Amazon admits that Paragraph 156 purports to define a class period but denies that any class can be certified. Amazon denies the remaining allegations in Paragraph 156.

157. The Class is certifiable under Fed. R. Civ. P. 23.

**RESPONSE:** Amazon denies the allegations in Paragraph 157.

158. **Numerosity.** The members of the Class are so numerous that joinder of all members is impracticable. The determination of the numerosity factor can be made from Defendants' records. Upon information and believe, the Class is believed to contain thousands of individuals.

**RESPONSE:** Amazon denies the allegations in Paragraph 158.

159. **Typicality.** Plaintiffs' claims are typical of the claims of the Class Members. Plaintiffs and all Class Members have had their rights under BIPA violated based on Amazon's failure to comply with the provisions of BIPA.

**RESPONSE:** Amazon denies the allegations in Paragraph 159.

160.    **Commonality and Predominance**. There are questions of law and fact common to the Class, which predominate over any questions affecting individual members of the Class. These common questions of law and fact include, without limitation:

      a.      Whether Amazon through its Alexa Devices collected, captured, received through trade, or otherwise obtained a voiceprint or biometric information for Plaintiffs and the Class;

      b.      Whether Amazon created a voiceprint, as defined by 740 ILCS 14/10 for each class member;

      c.      Whether Amazon obtained BIPA Consent from each Class member;

        i. Whether Amazon informed Plaintiffs and the Class in writing that it was collecting their biometric identifiers or biometric information in compliance with 740 ILCS 14/15(b)(1);

        ii. Whether Amazon informed Plaintiffs and the Class in writing of the specific purpose and length of term for which it was collecting their biometric identifiers or biometric information in compliance with 740 ILCS 14/15(b)(2);

        iii. Whether Amazon received written releases executed by Plaintiffs and the Class before capturing, collecting, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information in compliance with 740 ILCS 14/15(b)(3);

      d.      Whether Amazon sold, leased, traded, or otherwise profited from the biometric identifiers or biometric information of Plaintiffs and the Class;

      e.      Whether Amazon disclosed, redisclosed, or otherwise disseminated the biometric identifiers or biometric information of Plaintiffs and the Class and whether such disclosure, redisclosure, or dissemination was in compliance with 740 ILCS 14/15(d)(1)-(4);

      f.      Whether any violations of BIPA by Amazon were reckless, intentional, or negligent.

**RESPONSE:** Amazon denies the allegations in Paragraph 160 and Sub-Paragraphs 160a-f.

161.    **Adequacy**. Plaintiffs are members of the Class they seek to represent, are committed to the vigorous prosecution of this action, and have retained competent counsel experienced in the

prosecution of class actions. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

**RESPONSE:** Amazon denies the allegations in Paragraph 161.

162. **Superiority.** A class action is an appropriate method for the fair and efficient adjudication of this controversy and is superior to all other available methods. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendants, no Class member could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, Class members will continue to suffer losses and Defendants' misconduct will proceed without remedy. Even if Class members could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard that might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court. Finally, Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

**RESPONSE:** Amazon denies the allegations in Paragraph 162.

163. **Class Action on Limited Issues.** Because there are common individual issues among the Class, it is appropriate for this action to be maintained as a class action with respect to particular issues if necessary. *See* Fed. R. Civ. P. 23(c)(4).

**RESPONSE:** Amazon denies the allegations in Paragraph 163.

## CLAIMS FOR RELIEF
## COUNT I: VIOLATIONS OF 740 ILCS 14/15(B)

164. Plaintiffs incorporate by reference each and every allegation set forth above.

**RESPONSE:** Amazon incorporates by reference all preceding responses.

165. Amazon qualifies as a "private entity" under BIPA. 740 ILCS 14/10.

**RESPONSE:** Amazon admits the allegations in Paragraph 165.

166. During the Class Period, Amazon created numerous Voice IDs in the state of Illinois for each Plaintiff and Class member.

**RESPONSE:** Amazon denies the allegations in Paragraph 166.

167. These Voice IDs created by Amazon are comprised of several components, including █████████████████████████████████████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 167.

168. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

**RESPONSE:** Amazon denies the allegations in Paragraph 168.

169. Plaintiffs and the Class did not execute a written release related to Amazon's collection, capturing, purchasing, receiving through trade, or otherwise obtaining their biometric identifiers or biometric information derived from the voiceprints.

**RESPONSE:** Amazon denies the allegations in Paragraph 169.

170. Amazon did not properly inform Plaintiffs and the Class in writing that their biometric identifiers and biometric information was being collected and/or stored, nor did it inform them in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used as required by 740 ILCS 14/15(b)(1)-(2).

**RESPONSE:** Amazon denies the allegations in Paragraph 170.

171. Amazon systematically and intentionally collected, obtained, used, and/or stored the biometric identifiers and biometric information of Plaintiffs and the Class without first obtaining from Plaintiffs and the Class Members the specific executed written release required by 740 ILCS 14/15(b)(3).

**RESPONSE:** Amazon denies the allegations in Paragraph 171.

172. In violating BIPA, a law in effect since 2008, Amazon acted, and continues to act, recklessly and/or intentionally. Amazon took intentional actions to forego the required consent under BIPA in order to make additional profits by increasing the number of Illinois residents who used the Voice Identification features. Further, Amazon intentionally chose to not limit certain features within the state of Illinois that violated Illinois law. At the least, Amazon negligently violated BIPA.

**RESPONSE:** Amazon denies the allegations in Paragraph 172.

173.    Plaintiffs and the Class Members are "aggrieved" under BIPA based on Amazon's violation of their privacy rights under BIPA, and accordingly are entitled to seek damages and relief provided for under the statute. *See Rosenbach*, 2019 IL 123186, ¶ 40.

**RESPONSE:**  Amazon denies the allegations in Paragraph 173.

174.    Amazon's failure to disclose its practices and obtain BIPA Consent of Plaintiffs and the Class Members before collecting or otherwise obtaining their biometric data harmed, or posed a material risk of harm to, the concrete privacy interests of Plaintiffs and the Class, including the right to make informed choices about the use of and control over their inherently sensitive biometric data and to be free from the unlawful collection of such sensitive data.

**RESPONSE:**  Amazon denies the allegations in Paragraph 174.

175.    By collecting, storing, and using Plaintiffs' and the Class members' biometric identifiers or biometric information as described herein, Amazon violated Plaintiffs' and the Class members' rights to privacy in their biometric identifiers and biometric information as set forth in BIPA.

**RESPONSE:**  Amazon denies the allegations in Paragraph 175.

176.    Plaintiffs and the Class Members seek, *inter alia*, statutory damages of $5,000 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), statutory damages of $1,000 per negligent violation of BIPA pursuant to 740 ILCS 14/20(1), and reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20(3).

**RESPONSE:**  Amazon admits that Paragraph 176 purports to describe relief that Plaintiffs seek on behalf of a putative class, but denies that any class can be certified and denies that Plaintiffs are entitled to any relief.  Amazon denies the remaining allegations in Paragraph 176.

WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below.

**RESPONSE:**  Amazon admits that Plaintiffs seek relief on behalf of a putative class but denies that any class can be certified and denies that Plaintiffs are entitled to any relief.

## COUNT II: VIOLATIONS OF 740 ILCS 14/15(C)

177.    Plaintiffs incorporate by reference each and every allegation set forth above.

**RESPONSE:**  Amazon incorporates by reference all preceding responses.

178.    Section 15(c) of the BIPA provides that no "private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

**RESPONSE:** Amazon admits that Paragraph 178 quotes portions of BIPA section 15(c) but denies that the quoted language accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof.  Amazon denies the remaining allegations in Paragraph 178.

179.    Plaintiffs' and Class members' voiceprints are "biometric identifiers" that may be used to generate "biometric information" pursuant to 740 ILCS 14/10.

**RESPONSE:** Amazon denies the allegations in Paragraph 179.

180.    Because Amazon ties voiceprints to users' Amazon accounts, the voiceprints that Amazon collects and stores also constitute biometric information.

**RESPONSE:** Amazon denies the allegations in Paragraph 180.

181.    As set forth above, for some or all of the Class Period, Amazon used the biometric identifiers and biometric information of Plaintiffs and the Class to improve Alexa's natural language understanding and for its own commercial purposes.

**RESPONSE:** Amazon denies the allegations in Paragraph 181.

182.    Amazon's use of the biometric identifiers and biometric information of Plaintiffs and the Class to improve Alexa's natural language understanding, expand the scope of Alexa products, and create other business opportunities for Amazon has benefited Amazon through increased sales of its improved voice-operated products.

**RESPONSE:** Amazon denies the allegations in Paragraph 182.

183.    For instance, Amazon has utilized the biometric identifiers and/or biometric data to make Alexa compatible with over 100,000 products. Without the identified biometric data, there would be fewer, and worse-functioning Alexa products for Amazon to profit from.

**RESPONSE:** Amazon denies the allegations in Paragraph 183.

184.    Moreover, Amazon has profited from linking the voiceprints in their possession to Plaintiffs' and the Class's Amazon and Amazon Prime accounts and other activities involving Amazon.

**RESPONSE:** Amazon denies the allegations in Paragraph 184.

185.    As Shoshanna Zuboff, author of "The Age of Surveillance Capitalism" puts it: "[Amazon] is going to know more about you than anyone knows. They're trying to move as intimately as possible and as quietly as possible into everyday life. Amazon wants to have the entire environment essentially miked. They want your walk in the park, they want your run down the city street. They want what you do in your car, they [want] what you do in your home. All these intimacies, all this insight is being integrated—analyzed and integrated. That is an extraordinary kind of power that has never existed before."[9]

**RESPONSE:**    Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations with respect to the quoted excerpt from a book in Paragraph 185. Amazon denies the remaining allegations in Paragraph 185.

186.    Furthermore, Amazon has used the biometric identifiers and biometric information of Plaintiffs and the Class to create technology that is so intertwined with the biometric data that marketing the Alexa technology is essentially disseminating biometric data for profit.

**RESPONSE:**    Amazon denies the allegations in Paragraph 186.

187.    Additionally, Amazon has used the biometric identifiers and biometric information of Plaintiffs and the Class to obtain a competitive advantage over other businesses that offer similar devices that provide similar voice-based services.

**RESPONSE:**    Amazon denies the allegations in Paragraph 187.

188.    Upon information and belief, Amazon sells, leases, trades, or otherwise profits from the biometric identifiers and information derived from voice data and "keyword identifiers" that it makes available to third party "advertisers" and/or "content providers."

**RESPONSE:**    Amazon denies the allegations in Paragraph 188.

189.    In violating BIPA, a law in effect since 2008, Amazon acted, and continues to act, recklessly and/or intentionally. At the least, Amazon negligently violated BIPA.

**RESPONSE:**    Amazon denies the allegations in Paragraph 189.

190.    Plaintiff and the Class Members are "aggrieved" under BIPA based on Amazon's violation of their privacy rights under BIPA, and accordingly are entitled to seek damages and relief provided for under the statute. *See Rosenbach*, 2019 IL 123186, ¶ 40.

**RESPONSE:**    Amazon denies the allegations in Paragraph 190.

---

[9] PBS Frontline.

191.     Amazon's selling, leasing, trading, or otherwise profiting from Plaintiffs' and Class Members' biometric identifiers and/or biometric information in its possession harmed, or posed a material risk of harm to, the concrete privacy interests of Plaintiffs and the Class, including the right to manage the collection of, use of, and control over inherently sensitive biometric data in the possession of others.

**RESPONSE:**  Amazon denies the allegations in Paragraph 191.

192.     Plaintiffs and the Class Members seek, *inter alia*, statutory damages of $5,000 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), statutory damages of $1,000 per negligent violation of BIPA pursuant to 740 ILCS 14/20(1), and reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20(3).

**RESPONSE:**  Amazon admits that Paragraph 192 purports to describe relief that Plaintiffs seek on behalf of a putative class, but denies that any class can be certified and denies that Plaintiffs are entitled to any relief.  Amazon denies the remaining allegations in Paragraph 192.

WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below.

**RESPONSE:**  Amazon admits that Plaintiffs seek relief on behalf of a putative class, but denies that any class can be certified and denies that Plaintiffs are entitled to any relief.

## COUNT III: VIOLATIONS OF 740 ILCS 14/15(D)

193.     Plaintiffs incorporate by reference each and every allegation set forth above.

**RESPONSE:**  Amazon incorporates by reference all preceding responses.

194.     Amazon employs thousands of individuals around the world, including both full-time Amazon employees and third-party contractors, who have access to Plaintiffs' and Class Members' biometric information.

**RESPONSE:**  Amazon denies the allegations in Paragraph 194.

195.     Alexa works with third-party Skills. Amazon has disclosed biometric information to those third parties.

**RESPONSE:**  Amazon admits that Alexa works with third-party skills.  Amazon denies the remaining allegations in Paragraph 195.

196.    Thus, Amazon disclosed, redisclosed, or otherwise disseminated Plaintiffs' and the Class Members' biometric identifiers and information.

**RESPONSE:**  Amazon denies the allegations in Paragraph 196.

197.    Amazon disclosed, redisclosed, or disseminated Plaintiffs' and the Class Members' biometric information without satisfying the requirements of 740 ILCS 14/15(d). Specifically, Amazon has never informed nor received consent from Plaintiffs or the Class Members to disseminate, disclose, and/or redisclose their biometric information; the dissemination, disclosure, or redisclosure did not complete a financial transaction authorized by the subject; and the dissemination, disclosure, or redisclosure was not required by law or pursuant to a valid warrant or subpoena.

**RESPONSE:**  Amazon denies the allegations in Paragraph 197.

198.    In violating BIPA, a law in effect since 2008, Amazon acted, and continues to act, recklessly and/or intentionally. At the least, Amazon negligently violated BIPA.

**RESPONSE:**  Amazon denies the allegations in Paragraph 198.

199.    Plaintiffs and the Class Members are "aggrieved" under BIPA based on Amazon's violation of their privacy rights under BIPA, and accordingly are entitled to seek damages and relief provided for under the statute. *See Rosenbach*, 2019 IL 123186, ¶ 40.

**RESPONSE:**  Amazon denies the allegations in Paragraph 199.

200.    Amazon's failure to disclose its practices and obtain the BIPA Consent of Plaintiffs and the Class Members before disclosing, redisclosing, or disseminating their biometric data harmed, or posed a material risk of harm to, the concrete privacy interests of Plaintiffs and the Class, including the right to make informed choices about the use of, dissemination of, and control over their inherently sensitive biometric data and to be free from the unlawful dissemination of such sensitive data.

**RESPONSE:**  Amazon denies the allegations in Paragraph 200.

201.    Plaintiffs and the Class Members seek, *inter alia*, statutory damages of $5,000 per intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), statutory damages of $1,000 per negligent violation of BIPA pursuant to 740 ILCS 14/20(1), and reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20(3).

**RESPONSE:**  Amazon admits that Paragraph 201 purports to describe relief that Plaintiffs seek on behalf of a putative class, but denies that any class can be certified and denies that Plaintiffs are entitled to any relief.  Amazon denies the remaining allegations in Paragraph 201.

WHEREFORE, Plaintiffs and the Class pray for the relief requested in the Prayer for Relief set forth below.

**RESPONSE:** Amazon admits that Plaintiffs seek relief on behalf of a putative class, but denies that any class can be certified and denies that Plaintiffs are entitled to any relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class and Sub-Classes, pray for judgment against Defendants as follows:

A. entering an order certifying the Class and appointing Plaintiffs as their representatives as requested herein, and the appointments of Michael Aschenbrener, Scott A. Kamber, and Deborah Kravitz as Class Counsel;

B. awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

C. enjoining Amazon from collecting, obtaining, storing, using, selling, leasing, trading, profiting from, disclosing, redisclosing, or otherwise disseminating Plaintiffs' and the Class's biometric identifiers until done so in compliance with BIPA;

D. enjoining Amazon from continuing to use any artificial intelligence model trained with the biometric identifiers and biometric information from Class Members;

E. enjoining Amazon from continuing to possess the biometric identifiers and biometric information of Class Members;

F. awarding Plaintiffs their reasonable attorneys' fees, costs, and other expenses pursuant to 740 ILCS 14/20(3);

G. awarding Plaintiffs pre-judgment and post-judgment interest, as provided by law; and

H. awarding such other and further relief as is just and appropriate.

**RESPONSE:** Amazon admits that Plaintiffs seek the relief listed in the Prayer for Relief section on behalf of themselves and a putative class, but denies that any class can be certified and denies that Plaintiffs are entitled to any relief. Amazon denies any remaining allegations in the Prayer for Relief section of the Second Amended Complaint.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

**RESPONSE:** Amazon admits that Plaintiffs request a trial by jury of all claims that can so be tried.

***

## JURY DEMAND

Amazon demands a trial by jury of all claims that can be so tried.

## AMAZON'S AFFIRMATIVE DEFENSES

Amazon, without admitting any of the allegations of the Second Amended Complaint and without admitting or acknowledging that Amazon bears any burden of proof as to any of them, asserts the following additional defenses. Amazon expressly reserves the right to raise additional defenses, amend its answers and affirmative and other defenses, and assert counterclaims as they may become known through the course of further investigation and discovery:

### First Defense
### (Consent)

To the extent Plaintiffs claim that Amazon is liable because Plaintiffs' and/or putative class members' alleged biometric information was collected without their consent, such claims are barred because Plaintiffs and/or putative class members voluntarily consented (either implicitly or expressly) to the collection of such information, including by continuing to enable and use Amazon Photos' face recognition feature after learning how that feature works.

**Second Defense**
**(No Attorneys' Fees)**

1.      Any request by Plaintiffs or the putative class for attorneys' fees is contrary to public policy, and Plaintiffs and/or the putative class cannot prove they are entitled to attorneys' fees for purported violations of BIPA.

2.      Plaintiffs and the putative class can recover attorneys' fees under BIPA only if they are the "prevailing party." See 740 ILCS 14/20. Because Plaintiffs' claims are unfounded, Plaintiffs are not the "prevailing party" under BIPA and therefore are not entitled to attorneys' fees.

**Third Defense**
**(Not Reasonable Estimate of Actual Damages)**

The claims of Plaintiffs and the putative class are barred because the recovery requested would not be a reasonable estimate of any actual damages, but instead would amount to a disparate penalty, akin to punitive damages for strict liability, given that Plaintiffs and the putative class members have not suffered any injury or incurred any harm to warrant such relief.

**Fourth Defense**
**(Failure to Mitigate Damages)**

Plaintiffs and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

**Fifth Defense**
**(Substantial Compliance)**

Plaintiffs and the putative class members' claims are barred because Amazon substantially complied with BIPA.

**Sixth Defense**
**(Injunctive Relief Not Warranted)**

Plaintiffs and the putative class members' claims for injunctive relief are barred as there is no danger of immediate, irreparable harm.

**Seventh Defense**
**(Adequate Remedy at Law)**

To the extent the Second Amended Complaint seeks equitable relief against Amazon, such claims are barred because Plaintiffs have adequate remedies at law. Specifically, the Second Amended Complaint alleges that Plaintiffs and the putative class are entitled to damages for alleged violation of BIPA, which will result in monetary recovery if any such alleged violations are proven.

**Eighth Defense**
**(Unconstitutional)**

Any award of statutory damages would constitute an unconstitutional penalty under the circumstances of this case because it would be grossly excessive given that Plaintiffs and class members suffered no actual injuries, and would therefore violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Illinois Constitution. Amazon also asserts that BIPA's substantive provisions are unconstitutionally vague and therefore void under the First and Fourteenth Amendments to the U.S. Constitution and comparable provisions of the Illinois Constitution. In addition, Amazon asserts that any construction of 740 ILCS 14/15(b) under which it is held liable would result in violation of Amazon's rights under the First Amendment to the U.S. Constitution and comparable provisions of the Illinois Constitution.

**Ninth Defense**
**(Class Action Jury Trial Unconstitutional)**

As a matter of constitutional right and substantive due process, Amazon would be entitled to contest by jury its liability to any particular individual plaintiff, even if the representative of the

purported plaintiff class prevails on her claims. Trying this case as a class action would violate the U.S. Constitution and the Illinois Constitution.

### Tenth Defense
### (Estoppel, Waiver, Laches, Unclean Hands)

Plaintiffs and the putative class's claims are barred by estoppel, waiver, laches, unclean hands, and/or other equitable defenses because Plaintiff and putative class members voluntarily participated in the conduct alleged in the Second Amended Complaint and never objected to the conduct alleged in the Second Amended Complaint before filing this lawsuit.

### Eleventh Defense
### (Assumption of the Risk)

The claims of Plaintiffs and the putative class are barred by the doctrine of primary assumption of the risk.

### Twelfth Defense
### (Ratification and Acquiescence)

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiffs and the putative class members approved and, in some cases, participated in the complained-of conduct. Accordingly, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

WHEREFORE, having answered the Second Amended Complaint, Amazon respectfully requests:

1. That Plaintiffs take nothing for each and every claim for relief averred in the Second Amended Complaint;

2. That judgment on the Second Amended Complaint, and each and every claim for relief therein, be entered in favor of Amazon and against Plaintiffs; and

3. For such other and further relief as the Court deems just and proper.

Dated: November 14, 2023

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Elizabeth B. Herrington*

    Elizabeth B. Herrington
    Gregory T. Fouts
    MORGAN, LEWIS & BOCKIUS LLP
    110 North Wacker Dr., Suite 2800
    Chicago, IL 60606-1511
    Tel. 312.324.1445
    Fax 312.324.1001
    beth.herrington@morganlewis.com
    gregory.fouts@morganlewis.com

    J. Warren Rissier (*pro hac vice*)
    MORGAN, LEWIS & BOCKIUS
    300 South Grand Ave., Fl. 22
    Los Angeles, CA 90071-3132
    Tel. 213.612.2500
    Fax 213.612.2501
    warren.rissier@morganlewis.com

    Counsel for Defendants Amazon.com, Inc. and Amazon.com Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2023, I caused a copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF system.

/s/ Elizabeth B. Herrington
Elizabeth B. Herrington