**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MICHAEL GUNDERSON, JASON STEBBINS, and CHRISTOPHER BLOCK,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC. and AMAZON.COM SERVICES, INC.,<br><br>Defendants. | CIVIL ACTION<br><br>No. 1:19-cv-05061<br><br>Hon. Franklin U. Valderrama<br><br>CLASS ACTION |

**ORDER GRANTING PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN**

Before the Court is Plaintiffs' Motion for Approval of Class Notice Plan (the "Motion"). After considering the unopposed submission, the Court finds that the proposed methods of providing notice to the members of the Certified Class (the "Notice Plan") satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The Court has reviewed the Motion, the Declaration of Cameron R. Azari Regarding Class Certification Notice Plan ("Azari Declaration"), the short-form notice to be delivered directly to identified accountholders via email, the long-form notice to be provided on the notice website, frequently asked questions ("FAQs") and answers (contained in the long-form notice), and the Request for Exclusion form. The Court finds that the Notice Plan constitutes the best notice that is practicable under the circumstances, satisfies Rule 23(c)(2)(B), and is reasonably calculated to apprise potential members of the Certified Class (defined below) of the pendency of this action, their right to request exclusion, the manner and deadline for doing so, and the binding effect of any judgment. The Court GRANTS the Motion and directs the parties to implement the Notice Plan as follows:

1. For purposes of this Order, the "Certified Class" means the class certified by the Court in its class-certification order (ECF 272 at 37): "all natural persons in Illinois for whom Amazon created a voiceprint on or after June 27, 2014." Nothing in this Order, Notice Plan, or the transmission of any notice shall be construed as a finding that any particular notice recipient is a member of the Certified Class.

2. The class action administration firm Epiq Class Action & Claims Solutions, Inc. ("Notice Administrator") is appointed and authorized to supervise and administer the Notice Plan. The Notice Administrator shall execute the Notice Plan as proposed in the Azari Declaration.

3. Within fourteen (14) calendar days after entry of this Order, Defendants shall provide to the Notice Administrator, by secure encrypted transfer and solely for the purpose of implementing the Court-approved notice, a "Notice List" containing the following data to the extent reasonably available for enrolled Voice ID profiles that, at the time of enrollment, were associated with an account with a default address in Illinois or, if no default address was on file, then the last used billing address was in Illinois: (a) the accountholder names; (b) data regarding the number of associated Voice ID profiles; (c) the accounts' current default street addresses and last used billing addresses; and (d) the accounts' email addresses.

4. The Notice List and all information contained in or derived from it shall be used solely to implement the Notice Plan approved by this Order. The Notice Administrator shall not disclose the Notice List, or any email addresses, account identifiers, or other personally identifying information contained in the Notice List, to Plaintiffs, Class Counsel, or any third party except as necessary to administer the Court-approved Notice Plan or as ordered by the Court. The Notice List shall be treated as Confidential Information under the Agreed

Confidentiality Order (ECF 146) and the Notice Administrator shall maintain reasonable administrative, technical, and physical safeguards to protect it. Within thirty (30) days after the later of completion of the notice process or final resolution of any dispute concerning notice or exclusions, the Notice Administrator shall return or securely destroy the Notice List and accompanying information and certify such return or destruction, except that it may retain archival records required by law, court order, or its ordinary litigation-administration retention obligations.

5. Within thirty (30) calendar days after receipt of the Notice List and accompanying email and street addresses to the extent available, the Notice Administrator shall commence dissemination of notice as follows: (a) send the Court-approved email notice to each email address on the Notice List for which an email address is available in accordance with the Azari Declaration; and (b) cause the long-form notice of pendency of class action (the "Notice"), relevant Court documents, procedural posture, Request for Exclusion form, and FAQs and answers to be posted to the case website. The form, content, and method of the short-form notice, long-form notice, FAQs and answers (contained in the long-form notice), and Request for Exclusion form are approved substantially in the forms submitted with the Motion. Non-substantive changes may be made by written agreement of the parties without further Court approval; material changes require further order of the Court.

6. The Notice Administrator shall establish and maintain a neutral case website containing only Court-approved notice materials, the long-form notice, the Request for Exclusion form, FAQs and answers, key Court orders, and other materials approved by the parties or the Court. A toll-free telephone number shall also be established for the case. Members of the Certified Class will be able to call for additional information, listen to answers

to FAQs, and request that a long-form notice be mailed to them. The toll-free telephone number shall be prominently displayed in all notice documents. The automated telephone system shall be available 24 hours per day, 7 days per week. The website and automated telephone system shall not state or imply that there has been a settlement, judgment, admission of liability, finding of wrongdoing, or present entitlement to payment. In addition to providing for electronic submission of exclusion requests from the Certified Class via the case website, the case website and the Notice shall provide a mailing address for the purpose of receiving requests for exclusion from the Certified Class ("Exclusion Requests").

7. The Notice Administrator shall not use Amazon's logos, trademarks, trade dress, email domains, or branding except as expressly approved by the parties or ordered by the Court. Notices shall be neutral in form and shall not state or imply that Amazon sent the notice, endorses the notice, admits liability, has settled the case, or has been adjudged liable. The Notice Administrator shall not include advertising, marketing, solicitation material, or any request for information beyond that necessary to administer the Court-approved notice and exclusion process.

8. The Notice Administrator shall identify and number all Exclusion Requests received, and deliver images of those Exclusion Requests to counsel for Plaintiffs and Defendants within seven days after the Exclusion Deadline. The Notice Administrator shall maintain original Exclusion Requests in its files. The Notice Administrator shall provide weekly reports of Exclusion Requests received to Class Counsel and counsel for Defendants. Weekly reports shall provide aggregate notice-administration statistics and copies of Exclusion Requests, but shall not disclose the full Notice List or accompanying information, or any non-public contact information for non-excluding notice recipients.

9. “Notice Date” means the first date on which the Notice Administrator disseminates email notice or mailed notice under this Order. “Exclusion Deadline” means forty-five (45) calendar days after the Notice Date. To be valid, an Exclusion Request must be submitted in the manner stated in the Court-approved notice and must be postmarked, if sent by mail, or submitted through the case website no later than 11:59 p.m. Central Time, if submitted electronically, on or before the Exclusion Deadline. An Exclusion Request must include the information required by the Court-approved notice and must clearly state the person’s request to be excluded from the Certified Class. No person may request exclusion on behalf of another person unless legally authorized to do so and unless the request includes documentation of that authority. So-called “mass,” “class,” “group,” or representative opt-outs shall be invalid unless each person on whose behalf exclusion is sought individually satisfies the requirements for a valid Exclusion Request or the Court orders otherwise.

10. Within seven (7) calendar days following the Exclusion Deadline, the Notice Administrator shall submit to the parties a draft declaration setting forth its notification efforts, including the number of records received, the number of email and mail notices sent, the number of Exclusion Requests received, and other customary notice reporting metrics. The Notice Administrator shall review Exclusion Requests for completeness, timeliness, duplication, and facial validity. The Notice Administrator shall identify any Exclusion Request it believes is late, deficient, duplicative, ambiguous, or otherwise disputed and shall provide copies of such requests to counsel for all parties. The parties shall meet and confer regarding disputed Exclusion Requests. Any unresolved dispute concerning the validity of an Exclusion Request shall be submitted to the Court for resolution. No Exclusion Request shall be deemed valid or invalid by implication from the Notice Administrator’s administrative coding alone.

11. Within fourteen (14) calendar days after the Exclusion Deadline, the Notice Administrator shall provide counsel for all parties with an executed declaration setting forth its notification efforts and proposed opt-out list identifying all timely and facially valid Exclusion Requests and separately identifying any disputed, late, deficient, or duplicative requests. Class Counsel shall promptly thereafter file the Notice Administrator's declaration and a redacted opt-out list with the Court, protecting individuals' privacy in accordance with applicable privacy rules or filed under seal pursuant to Court order.

12. Within thirty (30) calendar days following the Exclusion Deadline, Class Counsel shall file all such Exclusion Requests with the Court. Copies of individual Exclusion Requests shall not be filed publicly unless redacted in accordance with applicable privacy rules or filed under seal pursuant to Court order.

13. Class Counsel shall bear all costs of the Notice Plan and notice administration, subject only to any later order of the Court concerning recoverable costs, fees, or other reimbursement. Defendants' compliance with this Order, including production of the Notice List and accompanying information to the Notice Administrator, shall not constitute a basis for shifting notice or administration costs to Defendants.

14. Nothing in this Order, the Notice Plan, the Notice List, any notice, or any communication by the Notice Administrator shall constitute or be deemed to constitute an admission, concession, waiver, or finding by Defendants as to liability, wrongdoing, class membership, ascertainability, injury, damages, causation, Illinois residency or location at the time of Voice ID creation, the creation or possession of any biometric identifier or biometric information, the applicability of BIPA to any person or transaction, the availability or amount of statutory damages, or the propriety of continued class treatment. Defendants expressly preserve

all defenses and rights, including the right to challenge class membership, standing, liability, damages, manageability, typicality, predominance, superiority, trial plan, and any request to alter, amend, decertify, or narrow the Certified Class.

IT IS SO ORDERED.

Dated: November 24, 2026

United States District Judge
Franklin U. Valderrama